Opinion
 

 THOMPSON, J.
 

 —Defendant Salvador Molina was convicted after a juiy trial of forcible rape and burglary, and an allegation that Molina was armed at the time of the commission of the offenses was found true. A minute order and abstract of judgment state that a prior felony conviction alleged in the information is found to be true. The trial court imposed a state prison sentence consecutive to another ordered by it on revocation of Molina’s probation for a separate offense.
 

 In this appeal, Molina contends: (1) the trial court erred in denying his motion for a continuance to secure private counsel in lieu of the public
 
 *547
 
 defender without first inquiring into the nature of Molina’s dissatisfaction with public defender representation; (2) the reference to the prior conviction must be stricken from the judgment; (3) the probation report relied upon by the trial court in imposing sentence contains improper and inaccurate information; (4) the court erroneously construed the probation report and applied an erroneous standard in imposing sentence; and (5) trial counsel was ineffective for failing to point out to the trial court its misconstruction of the probation report.
 

 We conclude: (1) Molina not having expressed that he desired to substitute counsel because of the inadequacy of representation, the trial court properly denied his motion for a continuance; (2) the reference to the prior conviction must be stricken from the judgment; (3) the probation report does not contain prejudicially inaccurate or improper information; and (4) the trial court applied an improper standard in exercising its sentencing discretion. Accordingly, we strike reference to the prior conviction, affirm the judgment to the extent it adjudicates Molina’s guilt, and remand the matter to the trial court for resentencing. We do not, therefore, reach Molina’s contention of ineffective representation of counsel at the time sentence was imposed.
 

 Facts of Offenses
 

 Salvador Molina broke into the apartment occupied by Dana B. and raped her at knifepoint. His identity as the rapist-burglar was established by Ms. B.’s eyewitness identification which included a description of a distinctive tattoo.
 

 Motion for Continuance
 

 Molina was at liberty on bail during the two months from the date of his arraignment to the commencement of trial. Trial began on January 12, 1977. On that day, Molina’s trial counsel, the public defender, presented a motion that should Molina testify his 1975 conviction for grand theft auto could be used for impeachment only if no reference were made to the date and nature of the felony. After the potential of jury speculation on the nature of the felony was discussed by counsel and the court and explained to Molina, the latter acquiesced in the procedure. The court granted the motion.
 

 At the opening of the next day’s session of court, defense counsel stated: “Mr. Molina and his mother, who is sitting in the court, requested
 
 *548
 
 [sic] this matter be continued, adjourned, and they wish to seek private counsel.” The trial court responded: “Very well. Motion denied. We are in the midst of impaneling a jury, it is ridiculous to be continuing a case at this time on the second day of trial. He could have gotten his private counsel if he intended to by this day. We can’t have the system of justice clogged up this way.”
 

 Relying upon
 
 People
 
 v.
 
 Marsden
 
 (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] and cases which have followed its lead, Molina contends that the trial court erred in denying the motion for continuance to substitute counsel without inquiring into the “particular conduct and events” prompting his request. The contention overextends the
 
 Marsden
 
 rule.
 

 People
 
 v.
 
 Marsden, supra,
 
 establishes the duty of a trial court faced with a criminal defendant’s claim that he is being denied his right to adequate performance by his counsel. In that situation, the defendant seeking a substitution of attorneys is entitled to be heard on the facts underlying his claim. The court may not deny the request for substitution of attorneys solely on the basis of what has occurred in court. (2 Cal.3d at pp. 123-125.)
 

 Cases subsequent to
 
 Marsden
 
 expand the duty of the trial court from one of affording an opportunity to the defendant to state his reasons for a claim of inadequate representation to one of also affirmatively inquiring into the circumstances of any claim of counsel ineffectiveness.
 
 (People
 
 v.
 
 Groce
 
 (1971) 18 Cal.App.3d 292, 296-297 [95 Cal.Rptr. 688];
 
 In re Miller
 
 (1973) 33 Cal.App.3d 1005, 1021-1023 [109 Cal.Rptr. 648];
 
 People v. Munoz
 
 (1974) 41 Cal.App.3d 62, 66 [115 Cal.Rptr. 726].)
 

 Contrasting with the rule of
 
 Marsden,
 
 as expanded, is the principle that while generally a defendant is entitled to be represented by counsel of his own choosing, the right must be asserted in a timely fashion so that the trial court may, in its discretion and without further inquiry, deny a motion for a continuance to secure new counsel if the motion is made during trial.
 
 (People
 
 v.
 
 Reaves
 
 (1974) 42 Cal.App.3d 852, 856 [117 Cal. Rptr. 163], and cases there cited.)
 

 In a sense, there is a tension between the two principles. When the defendant moves during trial for a continuance to obtain new counsel, he
 
 *549
 
 necessarily indicates some dissatisfaction with the attorney who has been representing him. The question is thus one of the nature and degree of expression of dissatisfaction which triggers the duty of the trial court to inquire into the defendant’s reasons for desiring new counsel.
 

 Analysis of
 
 Marsden
 
 and the cases which follow it illuminates the nature of the required showing.
 
 People
 
 v.
 
 Marsden, supra, 2
 
 Cal.3d 118, 123-125,
 
 People
 
 v.
 
 Groce, supra,
 
 18 Cal.App.3d 292, 296-297,
 
 In re Miller, supra,
 
 33 Cal.App.3d 1005, 1021-1023, and
 
 People
 
 v.
 
 Munoz, supra,
 
 41 Cal.App.3d 62, 66, all are concerned with claims by a defendant of ineffectiveness of trial counsel of a degree constituting a denial of counsel and hence due process of law within the meaning of
 
 People
 
 v.
 
 Ibarra
 
 (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], In
 
 People
 
 v.
 
 Williams
 
 (1970) 2 Cal.3d 894, 904-906 [88 Cal.Rptr. 208, 471 P.2d 1008], cert. den., 401 U.S. 919 [27 L.Ed.2d 821, 91 S.Ct. 903], our Supreme Court discusses
 
 Marsden
 
 in that context.
 

 Conversely, dissatisfaction with an attorney’s performance which is adequate within the
 
 Ibarra
 
 rule is not a basis on which a continuance to permit a substitution of attorneys must be granted.
 
 (People
 
 v.
 
 Williams, supra, 2
 
 Cal.3d 894, 906.)
 

 We therefore conclude that the duty of trial court inquiiy into the reasons why a defendant seeks to discharge counsel applies only when the defendant asserts directly or by implication that his counsel’s performance has been so inadequate as to deny him his constitutional right to effective counsel.
 

 Here Molina made no such showing. He stated only that he wished to substitute private counsel for the public defender and needed a continuance to seek a lawyer. In that situation, the trial court did not abuse its discretion in denying the motion for the reason that it was made after trial commenced. Molina argues that his intention to raise the constitutional infirmity of inadequate representation should be implied from the fact that his motion for a continuance to obtain private counsel was made the day after the public defender successfully moved to restrict the reference to the prior conviction for impeachment purposes. That implication does not follow from the facts. The public defender may or may not have made a correct tactical judgment, but there is not the slightest inkling in the record that Molina’s motion was motivated by it.
 

 
 *550
 

 Prior Conviction
 

 Defendant admitted the prior felony conviction alleged in the information. The trial court did not find the allegation to be true when it orally pronounced judgment. It did, however, include a finding of truth of the allegation of the prior in its minute order and abstract of judgment.
 

 The court having failed to include the finding in its oral pronouncement, the finding must be stricken from the abstract of judgment.
 
 (In re Candelario
 
 (1970) 3 Cal.3d 702, 706 [91 Cal.Rptr. 497, 477 P.2d 729];
 
 People
 
 v.
 
 Mesa
 
 (1975) 14 Cal.3d 466, 472 [121 Cal.Rptr. 473, 535 P.2d 337];
 
 In re Van Heflin
 
 (1976) 58 Cal.App.3d 131, 136-138 [128 Cal.Rptr. 257].)
 

 Probation Report
 

 The probation report considered by the trial court when it imposed sentence contains a section entitled “arrest record.” That segment lists 24 arrests. Two of them, a juvenile arrest for driving an auto without the owner’s consent and an adult arrest for public drunkenness show no disposition. The remaining 22 arrests resulted in: (1) an adjudication of delinquency pursuant to former Welfare and Institutions Code section 601; (2) a felony conviction for grand theft auto for which Molina was placed on probation; (3) a misdemeanor conviction for petty theft; and (4) a misdemeanor conviction for disturbing the peace.
 

 An entry showing Molina while a juvenile was arrested for driving an automobile without the owner’s consent and then counseled and released does not include further information concerning the offense. Another entry showing a second juvenile arrest for the same crime and no disposition also fails to add supporting information. A third entry states that Molina, as a juvenile, was “missing—counseled and released.” No additional facts are stated. Also noted without a statement of facts are a juvenile arrest for “inhaling” and an adult arrest for drunkenness. All other entries in the “arrest record” segment of the probation report include brief narratives of the facts underlying the arrest.
 

 Other than the juvenile adjudication pursuant to Welfare and Institutions Code section 601, the two misdemeanor convictions and the one felony conviction, Molina’s arrests prior to the commission of the crimes for which he was sentenced in the case at bench did not result in
 
 *551
 
 conviction or other court action against him. As the result of some 20 juvenile arrests, he was counseled and released five times. He was placed on voluntary probation once, transferred to “intensive supervision” on another occasion, and on a third referred to “community counseling agency.” The remaining 11 juvenile arrests resulted in “exoneration” or dismissal.
 

 Molina’s adult arrest for grand theft auto resulted in his conviction, for which he was placed on probation conditioned upon serving 30 days in county jail. An arrest for petty theft also resulted in a 30-day jail term, while his arrest for disturbing the peace resulted in a $25 fine.
 

 Relying upon
 
 People
 
 v.
 
 Calloway
 
 (1974) 37 Cal.App.3d 905 [112 Cal.Rptr. 745], Molina contends that the trial court erroneously considered the probation report because the report is misleading in inaccurately purporting to indicate his past involvement with crime.
 

 People
 
 v.
 
 Calloway, supra,
 
 does not stand for that proposition. Rather, that decision declares that “evidence of police contacts not leading to arrest or conviction may not be included in [a probation] report without supporting information.”
 
 (People
 
 v.
 
 Chi Ko Wong
 
 (1976) 18 Cal.3d 698, 719 [135 Cal.Rptr. 392, 557 P.2d 976].) Where the information of past arrests is presented in the report in a fashion that is not misleading, the court does not abuse its discretion by receiving and considering it.
 
 (People
 
 v.
 
 Chi Ko Wong, supra,
 
 18 Cal.3d at pp. 720-721.)
 

 Here the probation report is not misleading in substance. Only two of the arrests show no disposition. The vast bulk of the entries contain a brief narrative of the facts leading to the arrest. The one juvenile adjudication and the three adult convictions are noted, while the rest of the report is clear that the other police contacts did not result in court action.
 

 Imposition of Sentence
 

 After considering the probation report, the trial judge said: “I don’t like to send a young man like you to prison, certainly it upsets me internally. You don’t belong there but you certainly justify it by what you have done. . . . Now I apologize to you in one sense, it seems to me that the system of justice has dealt badly with you, they never really punished you. Here we have four pages of rap sheet and as far as I can see you hardly were slapped on the wrist. That was no way for a court system or
 
 *552
 
 a judicial system to operate. Here they have this case where you were on probation for a 487.3, do you know how much time you served in custody there, one day. As far as I can see you have never even been in a probation camp. ... It is little wonder that sometimes you get the contempt for the judicial and justice process when this sort of thing occurs. I am sorry about that, if some court had done what it ought to have done and punished you, you might not be before me today, and today you get the full load and I think it is unfair. But Mr. Molina, there is one thing I want you to understand from me: So far as I can see sometime in your life you are going to always suffer the consequences of your acts, a lot of time it is delayed but eventually everything comes full circle.”
 

 The court then imposed a state prison sentence with enhancement by reason of the truth of the armed allegation. It revoked probation which had been imposed on the prior grand theft auto conviction and ordered a consecutive state prison sentence on that charge.
 

 The trial court’s remarks preliminary to its imposing sentence establish that it applied an improper standard in exercising its discretion to determine the sentence.
 

 Clearly the task of determining the appropriate sentence is vested in the trial court. Where, however, the record discloses that the court exercised the discretion vested in it on an improper basis, the case must be returned for resentencing.
 
 (People
 
 v.
 
 Morales
 
 (1967) 252 Cal.App.2d 537 [60 Cal.Rptr. 671], cert. den., 390 U.S. 1034 [20 L.Ed.2d 293, 88 S.Ct. 1432].)
 

 The sentencing discretion may be exercised in light of the nature of the offense of which the defendant is convicted, the defendant’s past criminal history, and other factors relevant to the purposes of the punishment-rehabilitative process. Here, however, the court determined the sentence that it did seemingly because law enforcement and the courts had not dealt harshly enough with Molina in the past. The trial judge began his narrative with the statement that Molina did not belong in state prison, continued with a recital of prior inadequate punishment, and concluded with the propositions that “everything comes full circle” and “sometime in your life you are going to always suffer the consequences of your acts.”
 

 
 *553
 
 In essence, the trial court did not impose sentence here on the crimes of which Molina was convicted. Rather, it sentenced Molina in the case at bench in a fashion which included punishment that, in the court’s opinion, should have been imposed for past crimes. Having first determined that Molina did not belong in state prison on the record before him, the court abused its discretion in imposing a state prison sentence to correct what it perceived to be errors of past overly lenient treatment of Molina by others in the justice system.
 

 Disposition
 

 The finding that defendant has suffered a prior felony conviction is stricken. The judgment is otherwise affirmed insofar as it adjudges defendant’s guilt. The judgment is reversed as to the sentence imposed, and the case is remanded to the trial court for the resentencing of the defendant.
 

 Wood, P. J., and Lillie, J., concurred.