MEMORANDUM *
Christopher Fernando Blanks appeals the district court’s denial of his petition for *567 habeas corpus. See 28 U.S.C. § 2254. We affirm.
Blanks argues that his rights under the Sixth Amendment to the United States Constitution were violated when he was denied substitution of private counsel of his choice for appointed counsel. When we apply the standards set forth in 28 U.S.C. § 2254(d), as we must,[1] we are required to disagree.
In the first place, as we read the record, the state court did not deny Blanks substitution of private counsel of his choice, and if it had, Blanks has not shown that he was prejudiced thereby. See Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993).[2] Indeed, the right to have counsel of one’s choice is limited by one’s ability to retain private counsel.[3] The record indicates that Blanks did not have that ability.
Secondly, on this record, the law of California did not require an inquiry into Blanks’ relationship with appointed counsel. See People v. Marsden, 2 Cal.3d 118, 123-24, 465 P.2d 44, 47-48, 84 Cal.Rptr. 156, 159-60 (1970); People v. Molina, 74 Cal.App.3d 544, 549, 141 Cal.Rptr. 533, 536 (1977). We are unable to say that the California rule violates clearly established federal law.[4] Moreover, even if there were error, there is no claim before us that the failure to inquire was actually prejudicial. See Brecht, 507 U.S. at 623, 113 S.Ct. at 1714; see also Schell, 218 F.3d at 1026 (court must decide if lack of an inquiry was prejudicial).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. See Penry v. Johnson, 532 U.S. 782, 792-93, 121 S.Ct. 1910, 1918, 150 L.Ed.2d 9 (2001); Williams v. Taylor, 529 U.S. 362, 405-10, 412, 120 S.Ct. 1495, 1519-22, 1523, 146 L.Ed.2d 389 (2000).

. Blanks cites a Supreme Court case which suggests that, at least in some circumstances, prejudice need not be shown. See Flanagan v. United States, 465 U.S. 259, 267-68, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288 (1984). But, as we have noted, that statement was dicta. See Bland v. Cal. Dep’t, of Corr., 20 F.3d 1469, 1479 (9th Cir.1994), overruled in part on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir.2000) (en banc). Dicta, even Supreme Court dicta, does not constitute clearly established federal law. Williams, 529 U.S. at 412, 120 S.Ct. at 1523.

. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624-26, 109 S.Ct. 2646, 2651-52, 105 L.Ed.2d 528 (1989); Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).

. No Supreme Court case states the need for an inquiry. Blanks says we should consider Ninth Circuit cases. See Musladin v. Lamarque, 427 F.3d 653, 655-56 (9th Cir.2005). To the extent that would be appropriate, our case law does not require an inquiry where a defendant has not asked for new appointed counsel. Cf., e.g., Plumlee v. Sue del Papa, 426 F.3d 1095, 1098-99 (9th Cir.2005) (defendant asked for new appointed counsel); Schell, 218 F.3d at 1021 (same); Bland, 20 F.3d at 1474—75 (same); Brown v. Craven, 424 F.2d 1166, 1169 (9th Cir.1970) (same).