Filed 11/6/13  P. v. Baughman CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CURT MARTIN BAUGHMAN,<br><br>Defendant and Appellant. | B245231<br><br>(Los Angeles County<br>Super. Ct. No. VA122356) |

THE COURT:*

Defendant and appellant Curt Martin Baughman (defendant) appeals his judgment of conviction of possession of methamphetamine for sale.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On July 31, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  Defendant filed a letter on September 11, 2013, setting forth issues to be considered in this appeal.  We have reviewed the entire record and have considered the

---

\*       BOREN, P. J., CHAVEZ, J., FERNS, J.†

†       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

points made by defendant in his letter brief. Finding no error or other arguable issues, we affirm the judgment.

Defendant was charged with possession of methamphetamine for the purpose of sale, in violation of Health and Safety Code section 11378 (count 1), and cultivating marijuana in violation of Health and Safety Code section 11358 (count 4).[1] As to count 1, the information further alleged a 1989 conviction of Health and Safety Code section 11379 (selling or transporting a controlled substance). After the preliminary hearing, the trial court denied defendant's motion to dismiss the charges pursuant to Penal Code section 995. A jury convicted defendant of count 1 as charged and acquitted him of count 4. Defendant waived a jury trial on the prior conviction allegation and after a bench trial it was found to be true. On November 14, 2012, the trial court struck the prior conviction pursuant to Penal Code section 1385 and sentenced defendant to the upper term of three years in prison, to be served in the county jail. The court awarded 30 days of custody credit, later corrected to 36 days, comprised of 18 actual days and 18 days of conduct credit, and ordered defendant to pay mandatory fines and fees. Defendant filed a timely notice of appeal.

The evidence at trial showed that while searching defendant's home pursuant to a search warrant, Long Beach police officers found a bag on defendant's person, containing methamphetamine and approximately $427 in cash. After defendant was advised of his *Miranda* rights,[2] he led officers to additional methamphetamine and told them he intended to sell it to close friends. Officers also found a digital scale with white residue on it, a plastic pill bottle and three plastic bags containing marijuana, as well as new identical plastic bags. In the garage, officers found a large, budding marijuana plant. The prosecution's narcotics sales expert, Detective Luis Rodriguez, testified that in his opinion both the methamphetamine and the marijuana were possessed for the purpose of

---

[1]     Counts 2 and 3 named codefendants.

[2]     See *Miranda v. Arizona* (1966) 384 US 436.

sale. Detective Rodriguez also testified that defendant had admitted that he possessed the methamphetamine for purposes of sale as well as for his own use.

In his letter to the court, defendant represents that prior to trial his attorney told him she would file a motion challenging the validity of the search warrant. However, on October 26, 2012, she informed defendant that the warrant was good and any such motion would be frivolous. Defendant contends the affidavit supporting the search warrant falsely claimed reliance on a confidential informant, that he was innocent of the charges, that his attorney lied to him, and that she failed to prepare a defense. As defendant's representations concern matters outside the record, any claim of ineffective assistance of counsel based upon defense counsel's failure to challenge the search warrant would be more appropriately made in a habeas corpus proceeding. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Defendant also represents that he requested a continuance in order to obtain private counsel and that denial of his request forced him to go to trial without a proper defense while represented by an attorney who had lied to him. The record reflects that all attorneys announced ready for trial a few days before defendant made the request for continuance on October 29, 2012, at the time set for jury selection. Defendant requested a continuance a few minutes before the arrival of his attorney and the trial court waited until counsel arrived. When informed of defendant's request, defendant's trial counsel asserted defendant's due process right to counsel of his choice. The trial court denied the motion as untimely. The jury was then selected, the trial followed, and verdicts were entered two days later. We conclude the trial court acted within its discretion to deny the continuance and the request for private counsel. (See *People v. Molina* (1977) 74 Cal.App.3d 544, 548.)

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no other arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate

3

review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.