Filed 11/6/14  P. v. Estrada CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064591, D064592, D064593 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242389) |
| ALEJANDRO ESTRADA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Buckley & Buckley and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Robin Urbanski and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Alejandro Estrada of assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1) and of making criminal threats against two individuals (§ 422, counts 2, 3). Additionally, the jury found true criminal street gang allegations (§ 186.22, subd. (b)(1)). Estrada also admitted that he committed a prior felony offense that qualified as a strike prior (§§ 667, subs. (a)(1), (b)-(i); 668; 1170.12; 1192.7, subd. (c)).

Estrada was sentenced to six years on count 1 with an additional five years consecutive on the gang enhancements; two years concurrent on count 2; and five years consecutive on the prior serious felony. However, the trial court stayed the gang enhancements on counts 2 and 3. The trial court also imposed eight-month consecutive sentences on each of the trailing probation violations.[2]

Estrada appeals contending the trial court erred in denying two pretrial motions to relieve and replace appointed counsel. We will reject each contention and affirm the judgment.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

[2]    In a footnote in the respondent's brief the People raised the issue of possible correction of the abstract on the question of the ability of the court to stay the gang enhancement under section 654. Estrada responded by footnote noting the proposed change would not affect the overall sentence. Since neither party has chosen to raise sentencing as an issue in the body of the briefs and since the sentence was imposed as requested by the People in the trial court we decline to take action on the footnote debate.

STATEMENT OF FACTS

Estrada does not challenge either the admissibility or the sufficiency of the evidence to support his convictions or the true findings on the prior felony conviction allegation. Accordingly, we will set forth an abbreviated statement of facts simply to provide context for the discussion that follows.

On August 2, 2012, Lisbeth Rodriguez and her boyfriend Silvano Villalobos were residing at Villalobos's apartment in Shelltown.[3] Estrada was a member of the Logan Red Steps criminal street gang. Later in the afternoon, Villalobos was outside cleaning the inside of his vehicle. A grey Chevy Trailblazer drove up to Villalobos's vehicle and parked in the street directly in front of his apartment. Estrada exited the Trailblazer and approached Villalobos. Estrada and Villalobos exchanged words about Villalobos's gang affiliation and a fight ensued. Two other men got out of the Trailblazer and joined the fight. The fight lasted about six minutes and Estrada fled after he heard Rodriguez call 911.

Villalobos suffered several injuries, including contusions, cuts, and bruises to the head. Villalobos was taken to the hospital but refused any treatment.

DISCUSSION

Estrada brought four different motions before trial asking that his court-appointed counsel be relieved and new counsel appointed. In each instance the trial court held an in camera hearing in accordance with the requirements of *People v. Marsden* (1970)

---

[3]     Shelltown is a neighborhood bordering the San Diego community of Logan Heights. Logan Heights is considered the territory of the Logan Red Steps street gang.

2 Cal.3d 118 (*Marsden*).  The trial court denied all four requests to replace appointed counsel.

Deputy Public Defender Dawnella Gilzean was initially appointed as defense counsel for Estrada.  On December 18, 2012, Estrada made his first request for a *Marsden* motion.  Judge Timothy Walsh denied the motion and set a trial date.

On January 30, 2013, Estrada waived his right to counsel and asked to represent himself.  The court explained to Estrada the disadvantages of self-representation but Estrada chose to proceed in propria persona.  Additionally, Estrada requested a 90-day continuance of trial.  The court granted a continuance and set trial for February 22, 2013.

On February 15, 2013, Estrada requested the reappointment of counsel.  The trial court reappointed Gilzean as Estrada's counsel and set trial for February 22, 2013.  On February 22, 2013, Deputy Public Defender Kevin Haughton specially appeared and informed the court that his office had not received a notice of reappointment.  The trial court continued the case to February 25, 2013, to allow counsel to be assigned by the Public Defender's Office.

Gilzean appeared on February 25, 2013, and requested a continuance until April 22, 2013 to prepare for trial.  On March 15, 2013, Estrada requested his second *Marsden* hearing.  Estrada argued that Gilzean was conspiring with the prosecution and stated, "I refuse to work with her anymore."  The court denied Estrada's motion.  Estrada then requested that he represent himself.  The court trailed the hearing on Estrada's request until March 19, 2013.

4

On March 19, 2013, Deputy Public Defender Neal Besse appeared before the court. Besse informed the court that his office had made the voluntary decision to have him replace Gilzean. Besse explained that this decision was made in order to create a more productive attorney-client relationship with Estrada. Besse also informed the court that Estrada requested that he file a speedy trial motion. However, after consulting with his supervisors, Besse determined the motion was meritless and declined to file. The trial court set the trial date for April 22, 2013.

On April 2, 2013, Estrada requested a third *Marsden* hearing. Estrada claimed that Besse had a conflict of interest because he refused to file the speedy trial motion after speaking with his supervisors. Judge Leo Valentine held a *Marsden* hearing and inquired about the difficulties between Estrada and Besse. Estrada argued that he believed his due process rights were being violated and that Besse's refusal to file a speedy trial motion represented a conflict of interest. Besse responded by explaining to the court that after thorough consultations with his office and on the basis of his own opinion, Estrada's speedy trial motion was meritless. Subsequently, the court denied the *Marsden* motion.

On May 3, 2013, Estrada made a fourth request for a *Marsden* hearing before Judge Albert Harutunian III. Estrada again claimed a conflict of interest stemming from Besse's refusal to file a speedy trial motion. Additionally, Estrada claimed that Besse was not prepared for trial and was working for the prosecution.

Besse explained to the court that he had meticulously prepared for trial. Besse elaborated that he had spoken to witnesses, hired a gang expert, and made the necessary pretrial motions. Moreover, Besse noted that he did not believe that Estrada had a viable

5

speedy trial issue and that his motion was meritless. The trial court denied Estrada's *Marsden* motion.

Estrada contends that the trial court erred and abused its discretion in denying his third and fourth *Marsden* motions. Specifically, he argues that the record established a complete and irreparable breakdown with his trial counsel based on the refusal of counsel to file a speedy trial motion or in the alternative declare a conflict with the Public Defender's Office.

ANALYSIS

A trial court has broad discretion to grant or deny a motion. When the court denies a *Marsden* motion, we review the denial under an abuse of discretion standard. (*People v. Earp* (1999) 20 Cal.4th 826, 876.) A denial is not an abuse of discretion unless the defendant shows the failure to replace the appointed counsel would "substantially impair" his right to competent counsel. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.) Thus, a trial court's decision will not be overturned if there exists a reasonable or even debatable justification under the law for the action taken. (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 507.) As a result, we will interfere with the trial court's exercise of discretion only when we conclude that under all circumstances, viewed most favorably in support of the trial court's action, no judge could have reasonably reached the challenged result. (*Smith v. Smith* (1969) 1 Cal.App.3d 952, 958.)

Article I, section 15 of the California Constitution, provides that a defendant in a criminal case has a right to competent assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) Where the defendant demonstrates that counsel is not providing

adequate representation or that there exists some irreconcilable conflict that will impair representation, the defendant is entitled to the appointment of new counsel. (*People v. Welch* (1999) 20 Cal.4th 701, 728; *People v. Taylor* (2010) 48 Cal. 4th 574, 599.) When a defendant makes a request for new appointed counsel, the trial court is obligated to make a reasonable inquiry into the problem and determine whether the appointment of new counsel is necessary. (*Marsden*, *supra*, 2 Cal.3d at pp. 124-125; *People v. Molina* (1977) 74 Cal. App.3d 544, 548.)

However, "a defendant does not have the right to new counsel absent a clear showing of inadequate representation." (*People v. Silva* (1988) 45 Cal.3d 604, 621-622.) The defendant must explain the basis of his contentions and show specific instances of his counsel's inadequate performance. (*Marsden*, *supra,* 2 Cal.3d at p. 124.) Differences or disagreement over trial tactics are insufficient for a finding of irreconcilable differences. (*People v. Welch*, *supra*, 20 Cal.4th at pp. 728-729.) "[A]n attorney representing a criminal defendant has the power to control the court proceedings." (*People v. Guillen* (1974) 37 Cal.App.3d 976, 981.)

## A. The Third *Marsden* Motion

On April 2, 2013, Estrada brought a third *Marsden* motion requesting that his defense counsel be replaced. During the in camera hearing that followed, Estrada complained that he believed Besse had a conflict of interest. Estrada explained that there was a speedy trial violation stemming from Gilzean's continuance of his trial. Estrada contended that Besse had refused to file a speedy trial motion for fear of contravening his superiors.

7

The trial court inquired about whether Besse believed Estrada's speedy trial motion had merit or whether he was simply following the directions of his office. Besse responded that he agreed with his supervisors about the lack of merit in the motion. Besse noted that the delay in the start of the trial stemmed from Estrada's previous *Marsden* motions and his decision to represent himself for a period of time. Besse elaborated that had Estrada cooperated with his first court-appointed defense counsel that the trial would likely have already commenced.

Here, the trial court was within its discretion in denying Estrada's third *Marsden* motion. The trial record shows that Estrada was dissatisfied with Besse because of a disagreement over whether to file a speedy trial motion. However, disagreements over trial strategy do not " 'constitute an irreconcilable conflict.' " (*People v. Clark* (2011) 52 Cal.4th 856, 912.) A *Marsden* motion is designed to resolve conflicts about trial strategy only when these disagreements rise to the level of a "complete breakdown in the attorney-client relationship." (*Ibid.*)

Moreover, it is a long established principle of the attorney-client relationship that counsel controls all but a few of the tactical trial decisions. (*People v. Carpenter* (1997) 15 Cal.4th 312, 376.) Major decisions concerning whether to accept a plea or whether to testify are left solely to the client. (ABA Model Rules Prof. Conduct, rule 1.2(a).) However, the determination of whether to file a motion or whether to make a specific argument in court is within the implicit authority of the attorney. Thus, the mere fact that the defendant does not wish to follow his attorney's strategy or chooses an alternative

8

strategy does not require the trial court to replace counsel. (*People v. Smith* (2003) 30 Cal.4th 581, 605; *People v. Clark*, *supra*, 52 Cal.4th at p. 912.)

Estrada's disagreement with Besse about the merits of the speedy trial motion did not require the trial court to grant his *Marsden* motion. The trial court conducted a proper hearing which inquired into whether Besse had evaluated the merits of Estrada's speedy trial motion. Furthermore, it allowed Estrada the opportunity to air his grievances and personal opinions about the speedy trial motion. Ultimately, the trial court was fully within its discretion to deny Estrada's third *Marsden* motion.

### B. The Fourth *Marsden* Motion

The next day following pretrial motions and voir dire, Estrada made a fourth *Marsden* request to relieve counsel. Estrada once again asserted that there was a conflict of interest and that Besse was working for the prosecution. Additionally, Estrada claimed that Besse was not ready for trial, had failed to provide him with transcripts, file a motion for dismissal, and file a habeas corpus action.

Besse provided the trial court with a detailed and thorough explanation of the disagreements with Estrada. In regard to the speedy trial motion, Besse again explained to the court that he had reviewed the legal merits of the motion and determined it was unfounded. Likewise, Besse disagreed with Estrada's claim that he was unprepared for trial. Besse explained that he had conducted all of the necessary discovery, prepared the motions in limine, completed a trial brief, and visited Estrada in jail prior to the trial date to discuss the case. Additionally, he retained an expert for trial and had his investigator look up the victim's prior felonies for purposes of impeachment.

9

Besse further added that Estrada himself had declined to provide him with any defense witnesses he thought would be helpful or relevant. Most importantly, Besse elaborated on the unusual decision that the Public Defender's Office made in replacing Estrada's first court-appointed defense counsel. Besse explained how his office generally resists replacing attorneys so as to avoid providing defendants with a precedent for delaying trial and being uncooperative. Yet, here the Public Defender's office made every effort to accommodate Estrada's request and create a more cooperative attorney-client relationship.

Despite the accommodation initiated by the Public Defender's Office, Estrada told the trial court that he believed Besse worked for the prosecution. That statement prompted a discussion between the court and Estrada as follows:

> "The Court: Are there any other reasons why you think you should have a new attorney?
>
> "[Appellant]: Yeah, because I feel like he's working for the prosecution, not me.
>
> "The Court: What makes you think that? What has he done that makes you feel that way?
>
> "[Appellant]: Just what I hear in the courtroom unfold. I can see a train track unfolding, I'm not going to get railroaded.
>
> "The Court: By what? What has he said or done that makes you feel like he's working for the prosecution?
>
> "[Appellant]: I'm just going to say a conflict of interest, and that's it.
>
> "The Court: You can't really specify a particular statement.
>
> "[Appellant]: I just did, a few of them, a few things that he has done."

10

"The Court: And that makes you conclude that he's working for the prosecution because he hasn't done those things?

"[Appellant]: Yes."

Nothing in Estrada's responses to the trial court's inquiry demonstrated that Besse was in any way working for the prosecution. Rather, the trial court could reasonably conclude that Estrada's repeated *Marsden* motions were intended to delay trial rather than to alleviate an unproductive attorney-client relationship.

More importantly, Estrada proceeded to follow the denial of his fourth *Marsden* motion with the claim that he would not cooperate. Specifically he stated, "I refuse to work with this guy, so I don't know what you're going to do." When the trial court informed Estrada that he was expected to behave with decorum he replied, "I don't want to be in the courtroom. . . . Then I'm going to be obnoxious when they get here. I'm going to be obnoxious. I'm going to tell them how they are not giving me a rightful trial."

Applying the appropriate standard of review, we are satisfied the trial court did not abuse its discretion in denying the fourth *Marsden* motion. Nothing in the record indicates that the relationship between Estrada and Besse had deteriorated to the level of a "complete breakdown in the attorney-client relationship." (*People v. Clark, supra,* 52 Cal.4th at p. 912.) Estrada was dissatisfied with defense counsel's refusal to file a speedy trial motion. However, as discussed previously, that decision was within the discretion of Besse. More importantly, Estrada's claim that Besse was unprepared for trial is unsupported by the record. Besse described to the trial court his comprehensive preparation for trial which included the composing of motions, preparing evidence, hiring

11

a gang expert, and completing a trial brief.  Besse demonstrated a clear commitment to represent Estrada competently and fully despite Estrada's willful and defiant attitude.

We cannot say the trial court abused its discretion in concluding Besse provided effective assistance of counsel to Estrada notwithstanding his client's unwillingness to cooperate.  Thus, the fourth *Marsden* motion was correctly denied.

DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, J.

WE CONCUR:

_____

      McCONNELL, P. J.

_____

      O'ROURKE, J.