Filed 3/7/24  P. v. Neuhart CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062412 |
| v. | (Super. Ct. No. 16WF2412) |
| RICHARD MICHAEL NEUHART, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Derek Guy Johnson, Judge.  Reversed and remanded as directed.

Richard A. Levy, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kristen A. Ramirez and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

The relevant charging document alleged defendant Richard Michael Neuhart had committed residential burglary and had two prior convictions for burglary. Neuhart was eventually convicted of residential burglary, and he waived his right to a jury trial on the alleged prior convictions. Nothing in the record shows Neuhart admitted the prior convictions, nor did the trial court make findings on them. However, the court factored the prior convictions into Neuhart's sentence by imposing two five-year recidivist enhancements (Pen. Code, § 667, subd. (a))[1] and a prior strike (§§ 667, subds. (d), (e), 1170.12).

Neuhart's sentence was later recalled under section 1172.1. During resentencing, the court again imposed a prior strike and a recidivist enhancement based on Neuhart's alleged prior convictions. On appeal, Neuhart argues the court erred by considering the prior convictions. We agree. Neuhart's sentence was unauthorized because he never admitted the prior convictions, nor did the court (or jury) make any finding on them. We reverse and remand the case and order the court to hold a trial on the alleged prior convictions unless Neuhart admits them. Neuhart must then be resentenced accordingly.

I

FACTS AND PROCEDURAL HISTORY

In 2016, Neuhart entered a home in a disguise during a real estate open house. He was detained by a real estate agent, and was later arrested by the police, after he attempted to break into what appeared to be a jewelry box located in a bedroom closet.[2] (*People v. Neuhart* (Cal. Ct.App., Jan. 25, 2019, No. G055217) 2019 WL 322775 (*Neuhart I*).)

---

[1]  All further undesignated statutory references are to the Penal Code.

[2]  The box contained the ashes of the owner's dog.

The prosecution filed an amended information in November 2016 charging Neuhart with one count of first degree residential burglary (§§ 459, 460, subd. (a)), while a nonaccomplice was present (§ 667.5, subd. (c)(21)). For sentencing purposes, the amended information also alleged Neuhart had two prior serious and violent felony convictions for residential burglary (§§ 459, 460, subd. (a)):

- May 26, 2006: An alleged conviction for residential burglary for purposes of (1) the five-year recidivist enhancement (§ 667, subd. (a)), (2) the "Three Strikes" law (§§ 667, subds. (d), (e), 1170.12), and (3) a prison prior enhancement (§ 667.5, subd. (a)).

- May 15, 2012: An alleged conviction for four residential burglaries, tried together, for purposes of (1) a single five-year recidivist enhancement, (2) four strikes under the Three Strikes law, and (3) a prison prior enhancement.[3]

The court granted Neuhart's motion to bifurcate the trial as to the prior convictions. At the guilt phase of trial, prior to the receiving the verdict, Neuhart waived his right to a jury trial on the prior convictions. The jury found him guilty of first degree burglary and found true that a nonaccomplice was present. After the jury's verdict was read, the parties and the court discussed the alleged prior convictions. Neuhart's counsel indicated Neuhart was ready to admit to the prior convictions. But the parties were unsure of the required procedure, so, everyone agreed the issue would be handled at the sentencing hearing.

The sentencing hearing was held in June 2017. Neuhart did not admit the prior convictions at the sentencing hearing, nor did the court expressly find the prior conviction allegations to be true. Nor does anything in the record show Neuhart admitted the prior convictions before the sentencing hearing. Regardless, the court proceeded as if they had been admitted or found to be true and sentenced Neuhart to 22 years in prison.

---

[3] The record indicates all the alleged prior burglaries were purportedly committed in the same manner, with Neuhart attempting to steal items at open houses.

Specifically, the court struck the alleged 2006 strike and three of the four alleged 2012 strikes, making the current case Neuhart's second strike. The court selected the upper term of six years for residential burglary, which was doubled to 12 years as a second strike. It added two consecutive five-year recidivist enhancements for the two prior convictions but struck both prison prior enhancements.

This Court affirmed the judgment. (*Neuhart I*, *supra*, 2019 WL 322775 at p. *5.) But based on new law, we remanded the case to allow the trial court an opportunity to exercise discretion to strike one or both of the five-year recidivist enhancements. (*Ibid.*) The trial court declined to strike either on remand.

In December 2022, the Secretary of the Department of Corrections and Rehabilitation recommended that Neuhart's sentence be recalled and that he be resentenced under section 1172.1, subdivision (a)(1). Neuhart filed a brief requesting a sentence of four to six years. After a hearing, the court recalled the Neuhart's sentence and reduced it from 22 to 13 years by (1) selecting the middle term of four years for the burglary conviction and doubling it to eight years as a second strike, and (2) adding a five-year recidivist enhancement for the 2006 conviction but staying punishment on the same enhancement for the 2012 conviction.

Neuhart appeals his 13-year sentence. He argues he never admitted the prior convictions nor did the court find them to be true, therefore, the court erred by considering them in his sentence. We agree and remand this case for further proceedings on the prior convictions. Due to this finding, Neuhart's other contentions are moot.

II

DISCUSSION

A. *The Alleged Prior Convictions*

"Whenever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he

4

is charged, the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction." (§ 1158.)

Nothing in the record shows Neuhart ever admitted the prior convictions. Nor did the court (or jury) make an express finding on the issue.[4] The Attorney General's office concedes this point. But it contends the court made an implied finding the prior convictions were true by imposing a sentence based upon them. In support, it cites *People v. Clair* (1992) 2 Cal.4th 629 (*Clair*) and *People v. Chambers* (2002) 104 Cal.App.4th 1047 (*Chambers*). Neither case applies here.

In *Clair*, the trial court made no express finding on a prior conviction allegation. The Supreme Court found the court had made an implied finding by imposing an enhancement based on the prior conviction. (*Clair*, *supra*, 2 Cal.4th at p. 691, fn. 17.) Likewise, in *Chambers*, the trial court failed to make an express finding as to whether a personal use of firearm allegation was true. (*Chambers*, *supra*, 104 Cal.App.4th at pp. 1048-1049.) Relying on *Clair*, the appellate court concluded the trial court had impliedly found the allegation to be true by imposing a firearm enhancement. (*Id*. at pp. 1050-1051.)

Unlike here, in *Clair* and *Chambers* the trial court was asked to make a finding as to the enhancement allegations and evidence was introduced on the issue. (*Clair*, *supra*, 2 Cal.4th at p. 691, fn. 17; *Chambers*, *supra*, 104 Cal.App.4th at pp. 1048-1051.) In *Clair*, the prosecution introduced evidence of the defendant's prior conviction, including "'certified copies of [the] conviction.'" (*Clair*, at p. 691, fn. 17.) In *Chambers*, evidence was introduced that the defendant had used a personal firearm during the

---

[4] The minutes from the June 23, 2017 hearing state the two prior convictions were "found true or admitted." But the oral pronouncement of judgment controls. (*People v. Pantaleon* (2023) 89 Cal.App.5th 932, 942; see, e.g., *People v. Molina* (1977) 74 Cal.App.3d 544, 550 [striking true finding from abstract of judgment where court did not make true finding in its oral pronouncement].)

charged robbery. (*Chambers*, at pp. 1048-1049.) Thus, in both cases, it could be implied that the trial court considered the evidence presented, found the underlying allegations to be true, and then imposed the relevant sentencing enhancement. (See *Clair*, at p. 691, fn. 17; *Chambers*, at pp. 1048-1051.)

That is not the case here. Nothing in the record shows any evidence was introduced regarding Neuhart's prior convictions. During the guilt phase of the trial, the court excluded any references to his prior convictions under Evidence Code section 352. And no evidence of his prior convictions was introduced at the sentencing hearing. Thus, we cannot infer the court considered evidence of Neuhart's prior convictions, found them to be true, and then imposed the enhancement and prior strike. (See *People v. Haney* (1994) 26 Cal.App.4th 472, 475 ["To establish a prior conviction enhancement allegation, the prosecutor must prove beyond a reasonable doubt all elements of the enhancement"].)

Unlike *Chambers* and *Clair*, the transcript from the resentencing hearing shows the court erroneously believed Neuhart had admitted the prior convictions and sentenced him based on this mistaken belief. While the parties were discussing the alleged prior strikes, the prosecution questioned, "I'm just thinking out loud, did we, in fact, take admissions to those prior convictions already?" The court responded, "Yes," and the parties continued discussing the prior strikes. But, as set forth above, nothing in the record shows Neuhart made this admission.

In short, we cannot find the court made an implied finding because the record in this case unambiguously shows the trial court imposed the enhancement and prior strike based on a mistaken belief Neuhart had admitted the prior convictions. Further, there was no evidence introduced from which the court could have made an implied finding the prior convictions were true.

Next, the Attorney General's office contends Neuhart cannot relitigate a question of guilt that is now final. Not so. "[A]n unauthorized sentence is a void

6

judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final . . . ." (*People v. Codinha* (2023) 92 Cal.App.5th 976, 993.)[5] Here, Neuhart's sentence was unauthorized because the trial court made no findings on the alleged prior convictions. As such, it could not apply the Three Strikes law or impose a five-year recidivist enhancement. (§§ 1170.12, subd. (a), 667, subd. (a)(1); see *In re G.C.* (2020) 8 Cal.5th 1119, 1130 ["[A]n unauthorized sentence . . . is a sentence that 'could not lawfully be imposed under any circumstance in the particular case'"].)

Because Neuhart's sentence was unauthorized, we must remand this case for further proceedings.

*B. Scope of Remand*

The parties disagree on the scope of remand. Because the court made no findings on his prior convictions, Neuhart asserts its silence equates to an implied acquittal that cannot be relitigated on remand. Thus, he argues the court must resentence him without any consideration of the prior convictions. The Attorney General's office requests that we remand this case for a trial on the alleged prior convictions. We agree with the latter.

We have not been cited any compelling authority preventing the trial court from trying the prior convictions on remand. Indeed, "where a prior conviction finding is reversed on appeal for a lack of substantial evidence, the proper procedure is to remand

---

[5] There is conflict among appellate courts as to whether an unauthorized sentence may be corrected once the sentence is in execution. One line of cases states an authorized sentence can be vacated or corrected at any time by bringing a motion. (*People v. Codinha*, *supra*, 92 Cal.App.5th at p. 993.) The other holds a trial court lacks jurisdiction to resentence a defendant once the sentence is in execution. (*People v. King* (2022) 77 Cal.App.5th 629, 636-637.) We need not address this split in authority. Even *King* recognized an unauthorized sentence could be corrected if the sentence is recalled per statute. (*Id.* at p. 637; *People v. Cota* (2023) 97 Cal.App.5th 318, 329.)

7

the case to the trial court for a retrial of the prior conviction allegation." (*People v. Franz* (2001) 88 Cal.App.4th 1426, 1455; *People v. Strike* (2020) 45 Cal.App.5th 143, 154.) We see no reason why a similar principle would not apply here, where the court failed to make a finding on the prior conviction allegations due to its mistaken belief that Neuhart had admitted them.

None of the cases cited by Neuhart are sufficiently analogous. In *People v. Gutierrez* (1993) 14 Cal.App.4th 1425 and *People v. Farias* (2023) 92 Cal.App.5th 619, the parties did not intend to admit the prior convictions. Rather, they asked the court to determine the truth of prior conviction allegations based on the evidence submitted. (*Gutierrez*, at pp. 1439-1440; *Farias*, at pp. 629-630.) The trial courts in both cases failed to make any findings on the prior convictions. Thus, *Gutierrez* and *Farias* inferred the trial court's silence on the issue was equivalent to a not true finding. (*Gutierrez*, at pp. 1439-1440; *Farias*, at pp. 633-635.)

Here, unlike *Gutierrez* and *Farias*, the court was not asked to review evidence and make a finding on Neuhart's prior convictions. Indeed, no evidence was submitted on issue. Rather, the parties and court erroneously believed Neuhart had admitted the prior convictions, and the court sentenced Neuhart based on this error. Given this context, we cannot infer the court's failure to make findings on the alleged prior convictions amounts to an implied acquittal. Rather, the lack of findings was a mistake that can be corrected on remand.

Neuhart also cites *In re Candelario* (1970) 3 Cal.3d 702 and *People v. Huffman* (1967) 248 Cal.App.2d 260. *Candelario* held: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true." (*Candelario*, at p. 706.) Likewise, *Huffman* explained: "The recognized expertise of the trial judge compels us to

the conclusion that he knew the result of not ruling upon the count containing the charged prior felony. Since no finding was made by the court as to the alleged prior conviction as required under Penal Code section 1158, the court's silence operates as an acquittal of the charge of the prior conviction." (*Huffman*, at p. 261.)

These cases are based on an inference that a trial judge's failure to rule on a prior conviction was an intentional act of leniency. We cannot make that inference here. As discussed above, the court's silence was based on a mistake. It cannot be inferred the court's silence was an intentional act. Further, the court's imposition of a prior strike and a five-year recidivist enhancement dispels the argument that its failure to make findings on the prior convictions was an act of leniency.

Neither side cited *People v. Meals* (1975) 48 Cal.App.3d 215 (*Meals*), which we find to be more analogous than the cases Neuhart cites. In *Meals*, the prosecution alleged the defendant had five prior felony convictions, which the defendant denied. (*Id*. at pp. 218-219.) At the sentencing hearing, the court struck two of the prior convictions but did not mention the remaining three. (*Id*. at pp. 225-226.) However, the minute order and formal judgment stated, "the court found the third, fourth and fifth prior convictions 'true as heretofore admitted by defendant.'" (*Id*. at p. 226.) The appellate court explained: "It appears from the record that the court, the clerk of the court, defense counsel, and the deputy district attorney operated under the erroneous assumption that defendant had previously admitted the prior felonies. Since the court struck two of the priors, its failure to make an express finding as to the third, fourth and fifth alleged priors clearly was not intended as an act of leniency and cannot reasonably be construed as a finding in favor of defendant on the priors." (*Ibid*.) Because of the ambiguity in the record, the appellate court remanded the case for a limited trial on the prior convictions. (*Ibid*.)

9

Like *Meals,* we cannot interpret the court's silence on the prior convictions as a finding in favor of Neuhart. It was an oversight. Thus, the most reasonable remedy is to remand this case for a trial on the prior conviction allegations.

Because Neuhart must be resentenced after his prior convictions are tried, we do not address his remaining contentions that the court abused its discretion by (1) selecting the middle term rather than the lower term for the burglary conviction, and (2) failing to dismiss the remaining five-year recidivist enhancement or the remaining strike. At the resentencing hearing on remand, the court may "'reconsider all of its sentencing choices, subject only to the limitation that defendant not be sentenced to a greater aggregate term than the first sentence.'" (*People v. Kelly* (1999) 72 Cal.App.4th 842, 845.)

III

DISPOSITION

The judgment is reversed, and the case is remanded as directed for further proceedings. On remand, the court shall hold a trial on Neuhart's alleged prior convictions unless he admits to them. Neuhart shall then be resentenced accordingly.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

10