[No. B151584. Second Dist., Div. Six. Dec. 24, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT J. CHAMBERS, Defendant and Appellant.

**COUNSEL**

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, William T. Harter and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**YEGAN, Acting P. J.**—Robert J. Chambers was convicted in a court trial and appeals from the judgment sentencing him to prison for 13 years. The information alleged that he had committed a second degree robbery and had personally used a firearm in the commission of the offense. (Pen. Code, §§ 211, 12022.5, subd. (a)(1), 12022.53, subd. (b).)[1] Neither at trial nor at sentencing did the trial court expressly find that the personal use of a firearm allegation was true. As we shall explain, it impliedly did so because it

---

[1]All statutory references are to the Penal Code.

imposed a 10-year prison term for the enhancement. We reject appellant's contention that the absence of an express finding requires that the 10-year enhancement be stricken. Accordingly, we affirm.

*Facts and Procedural History*

While working as a cashier at a 7-Eleven convenience store, Abdel Munwar was confronted by three robbers. One was wearing a white and yellow shirt and yellow shorts. He put a firearm to Munwar's head. The robbers took money from the store and fled.

Police Sergeant Edward Medrano was patrolling the area and saw appellant and another person running from the 7-Eleven. Appellant was wearing a white and yellow shirt and yellow shorts. Something was in his hands. Sergeant Medrano pursued the suspects on foot. Appellant's accomplice jumped over a fence and escaped. Appellant jumped over a different fence but became trapped in an enclosed area. He was arrested. The money taken in the robbery and a firearm were found near him. The firearm was "consistent with the . . . look of the object" that Sergeant Medrano had earlier seen in appellant's hands.

A videotape of the robbery was played at trial. Sergeant Medrano testified that appellant was the robber in the videotape who was uniquely clad in a white and yellow shirt.

The trial court found appellant guilty but did not mention the use of a firearm allegation. The minutes simply state: "DISPOSITION: FOUND GUILTY—CONVICTED BY COURT."

At the probation and sentencing hearing both counsel and the trial court proceeded as if a true finding on the personal use of a firearm allegation had been made. At no time below did appellant object to the imposition of a 10-year prison term for the enhancement.

*Firearm Use Allegation: Pleading, Proof, and Finding Thereon*

Punishment for a firearm-use enhancement may be imposed only if the trier of fact finds the enhancement allegation to be true. Section 12022.53, subdivision (j), provides: "For the penalties in this section to apply, the existence of any fact required . . . shall be alleged in the information or indictment and either admitted by the defendant in open court or found to be true by the trier of fact." Section 1158a, subdivision (a) provides that, when a defendant is alleged to have used a firearm within the meaning of section

12022.5, "the jury, if they find a verdict of guilty of the offense with which the defendant is charged, or any offense included therein, must also find whether or not the defendant was armed as charged in the count to which the plea of not guilty was entered. The verdict of the jury upon a charge of using a firearm may be: 'We find the charge of being armed contained in the _____ count true' or 'We find the charge of being armed contained in the _____ count not true . . . .'" The requirements as to form for a jury verdict substantially apply when trial is by the court: "When a jury trial is waived, the judge or justice before whom the trial is had shall, at the conclusion thereof, announce his findings upon the issues of fact, which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes." (§ 1167.)

## Implied Finding

■ Appellant contends that the trial court was precluded from imposing a prison term for the enhancement because it failed to expressly find whether the firearm use allegation was true. The contention is without merit. The premise thereto is that the trial court's failure to make an express finding constitutes a "silent" record, which operates as a finding that the special allegation is not true. This premise is consistent with California Supreme Court law on silent records. For example, in *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], the trial court attempted to amend the judgment to include reference to a prior conviction that the defendant admitted but which was not mentioned when judgment was pronounced. In concluding that the attempted modification was not permitted, the Supreme Court said: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true. [Citation.]" (*Id.,* at p. 706, fn. omitted; see also *People v. Mesa* (1975) 14 Cal.3d 466, 470-472 [121 Cal.Rptr. 473, 535 P.2d 337].) Here the record is not "silent" as the oral pronouncement of judgment "speaks" to impliedly affirm the truth of the use of a firearm allegation.

The controlling authority is *People v. Clair* (1992) 2 Cal.4th 629 [7 Cal.Rptr.2d 564, 828 P.2d 705]. In *Clair* the defendant was charged with murder and two counts of burglary. The information alleged that he had been previously convicted of a serious felony. The murder and burglary charges were tried to a jury, which returned guilty verdicts. The defendant waived jury on the prior serious felony allegation and consented to trial by the court. The trial court did not expressly find that the prior allegation was true, but it

imposed a five-year prison term for the prior serious felony conviction. Our Supreme Court rejected the contention "that the sentence on the serious-felony enhancement must be set aside because no finding on the underlying prior-conviction appears." (*Id.*, at p. 691, fn. 17.) Our Supreme Court reasoned: "At sentencing, the court impliedly—but sufficiently—rendered a finding of true as to the allegation when it imposed an enhancement *expressly* for the underlying prior conviction." (*Ibid.*)

Here, at sentencing, the trial court impliedly—but sufficiently—rendered a finding of true as to the firearm-use allegation when it imposed a 10-year enhancement for the underlying use of a firearm. (*People v. Clair, supra,* 2 Cal.4th at p. 691, fn. 17.)

### Entreaty to the Trial Court and to the Prosecutor

A charge of robbery with a firearm-use allegation is serious business. A true finding on the allegation requires the imposition of a 10-year consecutive prison term. (§ 12022.53, subd. (b).)

If we had any doubt about the trial court's finding, we would resolve it in favor of appellant. Based upon *People v. Clair, supra,* 2 Cal.4th at page 691, footnote 17, and a fair reading of the sentencing transcript, we have no doubt that the trial court impliedly found the firearm-use allegation true. Thus, we can perform the appellate function with confidence. There has been no miscarriage of justice, and a remand for an express finding would be an exaltation of form over substance. Our affirmance, however, should not be read as placing our imprimatur on the manner in which this judgment was rendered. The lack of an express finding is in violation of the penal statutes which dictate how a firearm-use allegation is to be adjudicated. The manner in which the allegation here was "found" true is the antithesis of how a trial court should proceed.

In *People v. Winslow* (1995) 40 Cal.App.4th 680, 683 [46 Cal.Rptr.2d 901], this court said: "In some cases, such as the instant one, punishment for the enhancement may exceed the punishment for the underlying substantive offense. As the moving party in a criminal action, it is the People's obligation not only to plead and prove an enhancement, but also to tender adequate instructions and verdict forms so that a lawful determination can be made and sustained on appeal." To this statement, we add the obvious: the People also have an obligation to see that the trial court actually makes an express finding on a personal use of a firearm allegation. This is not an onerous task. Here, the punishment for personal use of a firearm is more than three times the punishment imposed for the substantive offense. Any conscientious

prosecutor would endeavor to make a sufficient record so that the enhancement could be upheld on appeal without resort to implied findings.

*Disposition*

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.

On January 10, 2003, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied March 19, 2003.