Filed 12/2/14  P. v. Hillard CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060101 |
| v. | (Super.Ct.No. SWF1302062) |
| TRAVEON DAMONTE HILLARD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge. Affirmed in part and reversed in part with directions.

Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Traveon Damonte Hillard guilty of robbery (Pen. Code, § 211)[1] and burglary (§ 459). Defendant was sentenced to a total term of 11 years in state prison. On appeal, defendant argues that the additional five-year sentence for a prior serious felony conviction (§ 667, subd. (a)) and the additional three-year sentence for a prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) must be reversed because he neither admitted the priors nor did the trial court ever find them to be true. We agree and will remand the matter with directions.

I

FACTUAL AND PROCEDURAL BACKGROUND

On July 30, 2013, at around 9:45 p.m., defendant entered a Rite Aid store, grabbed a cart, and began walking down aisles, placing merchandise into the cart. About 10 minutes later, defendant returned to the front of the store with the cart overflowing. He started walking towards a register and said, " 'You just got jacked,' " and quickly pushed the cart out the front door. When a store employee followed defendant, defendant turned around and said, " 'Don't come outside. If you come outside, I'm going to shoot you on [*sic*] the neighborhood.' " The employee was scared and returned to the store. The incident was captured on the store's video surveillance.

An officer viewed the surveillance video and recognized defendant based on previous contacts with him. The store employee identified defendant in a six-pack lineup.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

On August 29, 2013, an information was filed, charging defendant with robbery (§ 211) and burglary (§ 459). The information further alleged that defendant had suffered a prior prison term based on a 2011 receiving stolen property conviction (§ 667.5, subd. (b)); a prior serious felony conviction, to wit, a 2007 robbery (§ 667, subd. (a)); and a prior strike conviction, to wit, the same 2007 robbery conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On October 28, 2013, the trial court granted defendant's motion to bifurcate his prior convictions. At that time, defense counsel indicated that if defendant were convicted of the offenses, then defendant may admit the alleged prior convictions and waive his right to a jury trial on the priors, but not necessarily a court trial.

Two days later, a jury found defendant guilty as charged. Defendant thereafter admitted to violating the terms of his probation in his two other trailing cases. The court, at that time, also asked the attorneys to provide the court with the facts and circumstances on defendant's prior strike for sentencing purposes. After defendant admitted his probation violations, the court set the matter for sentencing.

On November 13, 2013, defendant filed a *Romero*[2] motion, requesting the trial court strike his prior strike conviction. In relevant part, the motion states: "Defendant . . . waived his right to a trial on the alleged priors and admitted to having a prior conviction for Penal Code 211 in the County of Los Angeles from 2007 (a Prior

---

[2] A "*Romero* motion" is a motion to dismiss a strike prior in the interest of justice under section 1385. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

under the 3-Strikes law and also charged as a Serious Prior under PC 667(a).[).]
Defendant . . . also admitted to having a prior conviction for Penal Code section 496d(a)
from the County of Los Angeles in 2011 for which he had served a [prior] prison term
within 5 years of the date[] of the current offense (a prison prior). The Defense makes
this motion for the Court to Dismiss the Strike Prior in this motion, in the interests of
justice." The motion does not recount the circumstances of defendant's prior robbery
conviction.

The People filed an opposition to the *Romero* motion. The People recounted the
circumstances of defendant's prior robbery conviction in their opposition motion as
follows: "On January 10, 2007, the victim, who was 15 years old at the time, was
walking home from school when the Defendant approached the victim carrying a firearm.
The Defendant stated 'Where are you from?' The victim told the Defendant that he
didn't belong to a gang. The Defendant then stated, 'Give me everything you got,' as he
was still holding the firearm towards the victim. The victim, in fear for his life, gave him
his IPOD. The Defendant then stated, 'Get out of here and never come back.' "

The sentencing hearing was held on November 22, 2013. At that time, the trial
court indicated that it had read and considered the *Romero* motion, the People's
opposition, and the probation report. The court then heard argument from the parties.
The trial court declined to exercise its discretion to strike defendant's prior strike
conviction and sentenced defendant to a total term of 11 years in prison as follows: the
midterm of three years, doubled to six years due to the prior strike conviction for the

4

robbery offense; plus a consecutive five years for the prior serious felony conviction. The court stayed a two-year term for the burglary offense and struck the prior prison term allegation.

## II

## DISCUSSION

Defendant claims the trial court erred in imposing the five-year prior serious felony enhancement under section 667, subdivision (a)(1), and doubling the robbery offense due to a strike prior, because defendant never admitted the prior convictions and the trial court never found the prior convictions to be true.

Section 1158 requires that "[w]henever the fact of a previous conviction of another offense is charged in an accusatory pleading . . . the jury, or the judge if a jury trial is waived, must unless the answer of the defendant admits such previous conviction, find whether or not he has suffered such previous conviction. The verdict or finding upon the charge of previous conviction may be . . . '[I] find the charge of previous conviction true' . . . . If more than one previous conviction is charged a separate finding must be made as to each." Here, as the record indicates, defendant neither admitted in open court the prior convictions nor did the trial court find the prior convictions to be true.

The People, however, seek to avoid the express-finding requirement of section 1158, arguing that the trial court impliedly found defendant's prior conviction allegations to be true when it heard and denied defendant's *Romero* motion. The People also assert that even if the record is ambiguous as to whether the trial court made the true

findings, defendant was not prejudiced because he admitted that he suffered the prior convictions in his *Romero* motion and failed to object to the trial court's ultimate sentence. The People rely on *People v. Chambers* (2002) 104 Cal.App.4th 1047 (*Chambers*) and *People v. Clair* (1992) 2 Cal.4th 629 (*Clair*) to support their position that the trial court impliedly found the priors to be true.

In *Chambers*, the defendant was charged with robbery, and a firearm-use enhancement was alleged. In language substantively identical to section 1158, section 1158a requires an express finding on such an allegation. Following a court trial, the defendant was convicted of the substantive offense but the court did not mention the firearm-use allegation. Nonetheless, the trial court imposed a sentence which included 10 years for the enhancement. The appellate court held that the failure to comply with the statutory express-finding requirement did not compel striking the firearm-use enhancement because the court, in imposing a 10-year prison term for the enhancement, "impliedly" made the required finding. (*Chambers*, *supra*, 104 Cal.App.4th at pp. 1048, 1051.) The court noted, however, that "If we had any doubt about the trial court's finding, we would resolve it in favor of [the defendant]." (*Id*. at p. 1051.) The court further observed that its refusal to construe the court's silence as a finding of not true "should not be read as placing our imprimatur on the manner in which this judgment was rendered. The lack of an express finding is in violation of the penal statutes which dictate how a [prior conviction] allegation is to be adjudicated. The . . . [failure to make the required finding represents] the antithesis of how a trial court should proceed." (*Ibid*.)

6

Moreover, "the People also have an obligation to see that the trial court actually makes an express finding on a [prior conviction] allegation." (*Ibid*.)

The *Chambers* court based its holding on *Clair, supra,* 2 Cal.4th 629: "In *Clair* the defendant was charged with murder and two counts of burglary. The information alleged that he had been previously convicted of a serious felony. The murder and burglary charges were tried to a jury, which returned guilty verdicts. The defendant waived jury on the prior serious felony allegation and consented to trial by the court. The trial court did not expressly find that the prior allegation was true, but it imposed a five-year prison term for the prior serious felony conviction." (*Chambers*, *supra*, 104 Cal.App.4th at pp. 1050-1051.) In *Clair*, the prosecution raised an argument on behalf of the defendant that the sentence on the serious felony enhancement had to be set aside because no finding on the underlying prior conviction had been made. (*Clair*, at p. 691, fn. 17.) The Supreme Court disagreed, explaining: "During the penalty phase, defendant waived trial by jury on the allegation and consented to trial by the court. At the same time, he stipulated that in deciding the issue, the court could consider the evidence that the People intended to introduce before the jury in order to prove the conviction as a circumstance in aggravation under the rubric of a prior felony conviction. Such evidence was in fact introduced, including what the court referred to as 'certified copies of [the] conviction.' The question was subsequently argued to the court. At sentencing, the court impliedly—but sufficiently—rendered a finding of true as to the allegation when it imposed an enhancement expressly for the underlying prior conviction. Contrary to

7

defendant's claim, there is no failure of proof. Neither is there any reason to vacate the enhancement—and less reason still to disturb the penalty of death." (*Ibid.*)

The present matter is distinguishable from *Chambers* and *Clair*. In *Chambers*, only one enhancement was alleged, so the appellate court could say with certainty that imposition of sentence on that enhancement implied a true finding. And in *Clair*, similarly, such certainty was possible because the court "imposed an enhancement expressly for the underlying prior conviction." (*Clair*, *supra*, 2 Cal.4th at p. 691, fn. 17.) Moreover, in *Clair*, unlike in the instant case, defendant did not stipulate that the court could consider the statements or evidence presented in defendant's *Romero* motion or the People's opposition to defendant's *Romero* motion to prove the prior conviction allegations. Even if defendant would have stipulated to the use of the evidence in the motions, such evidence would be inadmissible as hearsay. For example, in *People v. Reed* (1996) 13 Cal.4th 217, the prosecution introduced part of a probation report to help prove that the defendant personally used a weapon in a prior assault with a deadly weapon and therefore the prior was a serious felony for sentence enhancement purposes. The Supreme Court held that the probation report was inadmissible hearsay. (*Id.* at pp. 220-221.) The description of the offense in the probation report was, in fact, multiple hearsay, because "unless the probation officer was a percipient witness to the assault, all of the narration contained in the excerpt [offered by the prosecution] must have been drawn from other people's previous statements." (*Id.* at p. 230.) The court explained: "Aside from the out-of-court nature of the probation officer's statement itself, the report

8

excerpt includes the officer's assertions that certain events 'reportedly' occurred during the prior assault. Narration of 'reported' events is by definition based on the statements of others. . . . [¶] The report fragment does not identify the declarant or declarants from whose statements the probation officer drew his factual summary. There is no evidence the excerpt was based on defendant's own admissions to the officer, so as to fall within the hearsay exception for party admissions. [Citations.] Nor does any other exception to the hearsay rule appear applicable." (*Id*. at p. 230; see also *People v. Williams* (1990) 222 Cal.App.3d 911, 917.)

We reject the People's assertion that defendant was not prejudiced by the additional penalty. The court's error is reversible despite defense counsel's failure to object because that failure constituted ineffective assistance of counsel. To establish ineffective assistance of counsel, defendant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) In this case, there is strong evidence that trial counsel, as well as the prosecutor, simply assumed either defendant had admitted the priors or that the trial court had made true findings on the prior 2007 robbery and 2011 receiving stolen property convictions. Counsel's failure to object at the time of sentencing therein fell below an objective standard of reasonableness.

Further, there is a reasonable probability that if counsel had made an objection based on the statements contained in the *Romero* motion and the People's opposition to the *Romero* motion as inadmissible hearsay, the result of the proceeding would have been different. The statements contained in the motions were inadmissible, so the correct ruling on an objection would have been to sustain it. Moreover, we cannot excuse the failure to comply with section 1158 by implying the missing findings.

We now turn to the question of the proper disposition. Defendant contends that the prior conviction enhancements must be stricken, and the sentences attached to those priors must be reversed, because the prosecutor presented no evidence, the court made no findings, and the court never received an admission from defendant as to any of the prior conviction allegations. This contention is premised, in turn, on the claim that we must treat the court's failure to make the required findings on prior convictions as a finding of not true on those allegations. We disagree.

Defendant relies on *People v. Eppinger* (1895) 109 Cal. 294 (*Eppinger*). The trial court in that case sentenced the defendant as if he had suffered a prior conviction as alleged, even though the jury's verdict was silent on that question. The Supreme Court held "[t]he verdict rendered should be treated as a finding against the defendant upon the crime charged, and in favor of the defendant upon the question of prior conviction," and remanded with instructions to resentence the defendant without regard to the prior conviction. (*Id*. at p. 298.) "It was unquestionably error for the jury to have failed to find upon the issue. The error being shown, the injury will be presumed, unless the contrary

10

is clearly made to appear." (*Id.* at p. 297.) *Eppinger*, however, as we explain below, is inapposite.

Although *Eppinger* does not do so, subsequent Supreme Court decisions have made clear the theoretical underpinning of the principle that the failure of a trier of fact to make a finding on a prior conviction allegation constitutes a "not true" finding. Thus, in *In re Candelario* (1970) 3 Cal.3d 702, the court stated, "[r]eference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true." (*Id.* at p. 706; accord, *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

In *Eppinger*, it was a reasonable inference that the failure to make a finding on the prior conviction was a conscious act of leniency. Here, on the other hand, the inference that the court's omission was an act of leniency is nonexistent, because the court declined to strike defendant's prior conviction and sentenced defendant to five additional years for the prior serious felony conviction and doubled defendant's robbery offense due to his prior strike conviction. Accordingly, we reject defendant's contention that the court's failure to make findings on the prior conviction allegations constitutes a finding of not true.

Rather, we will vacate the sentence; remand with directions that the trial court make the finding required by section 1158 and thereafter resentence defendant. (§ 1260

11

[on appeal "the court . . . may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances"]; see *Monge v. California* (1998) 524 U.S. 721, 730 [double jeopardy does not bar retrial of prior conviction allegation reversed on appeal for insufficient evidence], affirming *People v. Monge* (1997) 16 Cal.4th 826, 845; see also *People v. Barragan* (2004) 32 Cal.4th 236, 239, 241, 243-258 [California Supreme Court held retrial of a prior conviction allegation in noncapital cases does not violate principles of due process, law of the case, or res judicata].)

III

DISPOSITION

The judgment of conviction of robbery and burglary is affirmed. The matter is remanded and the trial court is directed to make a finding as required by section 1158 as to the truth of the prior conviction allegations and impose sentence in accordance with those findings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:


McKINSTER _____
J.


CODRINGTON _____
J.

12