Filed 4/14/22  P. v. Elam CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DESHAWN RAMON ELAM,<br><br>    Defendant and Appellant. | D078749<br><br><br><br>(Super. Ct. Nos. SCD288004,<br>SCD287627, SCD285168) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Charles Ragland, Assistant Attorneys General, Michael Pulos and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

A 16-year-old rape victim fleeing her assailant approached Deshawn Ramon Elam, who had an admitted history of pimping, for help. When the minor victim told 27-year-old Elam she had been raped and was lost, Elam responded by saying, " 'Good, you don't know where you are. You're my bitch now.' " He offered to pay her for sex, and although she resisted because she was still in pain from the rape, she eventually consented. Elam pled guilty to sexual intercourse with a minor. (Pen. Code, § 261.5, subd. (c).)[1]

Elam appeals the trial court's discretionary decision to require him to register as a sex offender. (§ 290.006, subd. (a).)[2] He contends the record contained insufficient facts to support the conclusion that he committed the offense for sexual gratification or as the result of a sexual compulsion, factual findings that must be made when ordering discretionary sex offender registration. He also contends the trial court violated section 290.006 by failing to state these findings on the record. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

I.

*Elam's Guilty Plea to Sexual Intercourse with a Minor*

This appeal arises from a sentence imposed in one of three unrelated cases involving different criminal conduct (SCD285168, SCD287627, and

---

[1]     Unspecified statutory references are to the Penal Code.

[2]     Section 290.006, subdivision (a), provides: "Any person ordered by any court to register pursuant to the act, who is not required to register pursuant to Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration."

SCD288004).[3]  Elam was on formal probation in the first case when the second and third cases were filed.  Pursuant to a negotiated plea deal resolving all three cases, he agreed to plead guilty in the second and third cases, and to admit violating the terms of probation in the first case, in exchange for a total custodial term of five years in state prison.

The sexual offender registration requirement that Elam challenges on appeal was imposed in the third case, case number SCD288004.  Elam was charged in that case with a single count of unlawful sexual intercourse with a minor more than three years younger.  (§ 261.5, subd. (c).)[4]  In the written plea agreement, Elam agreed to plead guilty to this charge in exchange for the stipulated total prison term of five years imposed in all three cases.  He agreed to admit as a factual basis for the plea that he "[u]nlawfully engage[d]

---

[3]  In the first case, number SCD285168, Elam was convicted of willfully violating a domestic violence protective order (§ 273.6, subd. (a)) and maliciously damaging a vehicle (§ 594), based on an incident in which he fought with an ex-girlfriend and smashed the windshield and side windows of her car.  On August 5, 2020, he was granted three years of formal probation with the condition that he serve 365 days in prison, with credit for 321 days served.

The second case, number SCD287627, was filed on October 15, 2020, after Elam was caught robbing a bank and driving stolen vehicles.  He was charged with two counts of robbery (§ 211) and two counts of unlawfully taking and driving a vehicle (Veh. Code, § 10851).

[4]  Section 261.5, subdivision (a), provides, "Unlawful sexual intercourse is an act of sexual intercourse accomplished with a person who is not the spouse of the perpetrator, if the person is a minor."  Under subdivision (c) of section 261.5, "Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170."

in an act of sexual intercourse with Jane Doe, a minor who was not the spouse of the defendant, and who was more than three years younger than the defendant." The plea agreement stated that registration as a sex offender was a possible consequence of the plea.

At the change of plea hearing, the prosecutor and defense counsel advised the trial court that in connection with the third case, they would "be arguing at sentencing regarding any discretionary registration." The court accepted Elam's guilty pleas upon finding they were knowingly and voluntarily made, revoked his probation, and set the matter for sentencing.

II.

*Probation Report in Case Number SCD288004*

A probation report was prepared for sentencing. Based on Elam's date of birth set forth in the report, he was 27 years old when he committed the charged offense.

A. *Facts of Charged Offense*

The probation report gave a detailed summary of the facts of the offense based on the associated police report.

On August 6, 2020, Jane Doe, a 16-year-old resident of the Polinsky Children's Center (Polinsky), walked away from the center without permission. Her male friend, "Ron," paid for her Uber ride to a park, where they "drank alcohol and 'chilled.'" At around 1:00 in the morning, Jane and Ron got into an argument, and Ron left her at a fast-food restaurant. Jane got a ride from a stranger, who dropped her off near a Mexican restaurant in an unknown part of town.

Jane saw a vehicle in the drive-through of the Mexican restaurant. She approached it and asked the male driver if she could use his phone charger.

4

He told her no, but after she started crying, he told her to get in his car. He said she could stay at his house and "he would keep her safe."

He drove Jane to a residential neighborhood in an unknown location. Jane and the male entered a room behind a main house. The male told Jane to take off her clothes. When she refused, he put both of his hands around her throat, held her down on the bed, and forcibly raped her. When he got up to use the bathroom, Jane escaped out the front door and ran down the street looking for help. The male got in his vehicle and followed her.

Jane waved down a passing car and told its male driver, later identified as Elam, that she had just been raped and needed help. She asked Elam to drive her back to Polinsky, and he agreed. When Jane told Elam she was lost, he replied, " 'Good, you don't know where you are. You're my bitch now. We are going to make some money now.' " He told Jane he was going to purchase a phone for her from a mobile phone store.

As they were driving, Elam offered Jane $40 to have sex with him. She told him she did not want to have sex because she had just been raped and she was still in pain. They drove around for a while and then stopped in a parking structure in an unknown location. Jane reported that "she ended up having sexual intercourse with [Elam]," adding that "she agreed because [he] asked nicely."

The probation report stated: "The two [then] continued driving until [Elam] stopped to purchase a phone. While they were stopped, [Elam] told [Jane] multiple times to 'suck my dick,' to which [she] repeatedly told him no. As [Elam] entered the phone store, [Jane] was able to enter a [convenience] store, where she approached an unknown female and told the female she was in a bad situation, she needed help and to call the police. [Jane] remained in the store until police arrived."

5

Jane underwent a SART [Sexual Assault Response Team] exam, and DNA evidence was collected. According to the probation report, "[m]ale DNA located in numerous locations of [Jane's] SART kit matched [Elam]." Jane complained of pain in her vaginal area.

B.    *Elam's Criminal History*

The probation report summarized Elam's history of prior convictions, which included felony convictions for transportation of undocumented persons, identity theft, escape from a Residential Re-entry/ Work Furlough Center, and auto theft, and misdemeanor convictions for fighting in public, possession of drug paraphernalia, and evading a peace officer.

The report also summarized incidents when Elam had contact with the police but was not convicted of an offense. During an October 2012 prostitution sting operation at a hotel, Elam was observed interacting with a female prostitute who was there to meet an undercover officer. Elam admitted to being a pimp since age 14. He also admitted knowing about the prostitution, although he denied any involvement in the woman's prostitution. He said he was acting as her lookout because she was his baby's mother and he did not want anything bad to happen to her. Charges were filed, but were reportedly dismissed "for discretionary reasons."

C.    *SARATSO (State Authorized Risk Assessment Tool for Sex Offenders) Results*

Elam's risk of sexual offense recidivism was determined by scoring him on the Static-99R, described by the probation report as "an actuarial measure of risk for sexual offense recidivism." Elam's score was a "6," placing him in the highest risk category of a "[w]ell above average risk" of reoffending. The probation report recommended requiring Elam to register as a sex offender.

6

D.   *Sentencing Hearing and Judgment*

At the sentencing hearing, the prosecutor urged the trial court to order Elam to register as a sex offender based on probation's recommendation and "the facts in this case."

Defense counsel opposed the request. He argued the facts in the probation report did not demonstrate that Elam committed the offense as the result of sexual compulsion or sexual gratification, as required to impose discretionary sex offender registration under section 290.006. Defense counsel claimed the facts merely indicated "he offered her money for sex" and "there was no indication that this was for any kind of compulsion[.]" The trial court responded: "She said she had just been raped by someone else."

Defense counsel acknowledged that "[y]es, unfortunately, she was raped," but argued Elam had "courted" the victim and offered to "drive her around" and "buy her a phone," and that "[t]his wasn't a situation where he would have a compulsion to take advantage of an underage girl." The trial court responded, "What do you think he meant by, 'You're my bitch now'?"

Defense counsel asserted that, "to be completely honest," it "look[ed] like a situation in which he might have been inviting her, to work for her [sic] by going to buy her a phone." The court agreed. Defense counsel argued that even so, Elam was "not trolling around looking for underage women," that he merely offered Jane a ride and did not show any pre-disposition, sexual compulsion or gratification.

At the conclusion of counsel's argument, the trial court ordered Elam to register as a sex offender. The court stated: "The Court does note it has discretion to order or not order registration under [section] 290. Based upon the Court's review of the facts of this case, as well as the contents of the probation report, the Court believes that on [section] 290, registration is

7

appropriate and . . . is requiring Mr. Elam to register under Penal Code [section] 290."

Later in the sentencing hearing, defense counsel asked the court to "state for the record the reasons [for] the registration requirement[.]" The trial court responded, "As I indicated before, . . . the Court referenced all of the facts contained in the pre-sentence report related to this crime, the incident crime, as well as your client's background in coming to the conclusion that [section] 290 registration is appropriate."

After the hearing, the trial court entered an abstract of judgment that included the sex offender registration requirement. Elam timely appealed.

## DISCUSSION

Elam contends the trial court abused its discretion by requiring him to register as a sex offender, because the record failed to support the conclusion he committed the offense of sexual intercourse with a minor for sexual gratification or as the result of sexual compulsion. In a supplemental brief, he further contends the court failed to make the required findings of sexual gratification or sexual compulsion. No abuse of discretion appears on this record.

### I.

*Discretionary Sex Offender Registration Under Section 290.006*

The purposes of California's Sex Offender Registration Act (Act), sections 290 to 290.024, are to assure that persons convicted of the enumerated crimes " ' " 'shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future' " ' " and "to notify members of the public of the existence and location of sex offenders so they can take protective measures." (*People v.*

8

*Hofsheier* (2006) 37 Cal.4th 1185, 1196 (*Hofsheier*), overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 888.)

The Act contains mandatory and discretionary provisions. (*People v. Mosley* (2015) 60 Cal.4th 1044, 1048.) Section 290 requires anyone convicted of specified offenses to register as a sex offender. (§ 290, subd. (b).) Section 261.5 is not one of the offenses listed in section 290. (See § 290, subd. (c).)

Under section 290.006, a trial court has discretion to order a defendant convicted of an unlisted offense to register as a sex offender. The relevant part of the statute states: "Any person ordered by any court to register pursuant to the act, who is not required to register pursuant to Section 290, shall so register, if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion *or* for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." (§ 290.006, subd. (a), italics added.)

In *Hofsheier*, the California Supreme Court observed that "to implement the requirements of section 290, [former] subdivision (a)(2)(E) [now § 290.006, subd. (a)], the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for requiring lifetime registration as a sex offender." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) "By requiring a separate statement of reasons for requiring registration even if the trial court finds the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, the statute gives the trial court discretion to weigh the reasons for and against registration in each particular case." (*Ibid.*)

9

II.

*Substantial Evidence Supports the Conclusion Elam Committed the Offense of*
*Sexual Intercourse with a Minor for Purposes of Sexual Gratification*

We first consider Elam's contention that there was insufficient record support for the conclusion he committed the crime of sexual intercourse with a minor "as a result of sexual compulsion or for purposes of sexual gratification." (§ 290.006, subd. (a).) Elam's challenge requires us to examine the record to determine whether it contains substantial evidence to support *either* of these conclusions. (See *People v. Coleman* (1989) 48 Cal.3d 112, 162; *People v. Brents* (2012) 53 Cal.4th 599, 618.) Under this standard of review, we " 'presume the existence of every fact the trial court could reasonably deduce from the evidence.' " (*People v. Carter* (2019) 34 Cal.App.5th 831, 841, quoting *People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) Doing so, we conclude that substantial evidence supports the court's conclusion that Elam committed the offense of sexual intercourse with a minor for purposes of sexual gratification.

The parties agree the trial court relied on the probation report in deciding to require Elam to register as a sex offender. Elam contends the probation report did not support a finding that he had sexual intercourse with Jane for purposes of sexual gratification. He claims his offer to buy her a phone, and his statements "[y]ou are my bitch now" and "[w]e are going to make some money now," showed his "only" intent was "to exert control over [Jane]" and "make a quick dollar."

We disagree with Elam's characterization of the record, which is slanted and ignores facts unfavorable to his position. Elam's argument amounts to the assertion he was "only" trying to enlist Jane as an underaged prostitute. Elam ignores the rather obvious fact that he did not limit himself

10

to roping Jane into having sex with others.  He also offered to pay her $40 to have sex with *him*.  He did not stand to make money from this transaction. As the People point out, one can reasonably infer that the decision to have sexual intercourse is motivated by a desire for sexual gratification.  We additionally observe that Elam's genetic material was discovered in multiple samples from Jane's rape kit.  The trial court could reasonably infer from these facts that Elam had sexual intercourse with Jane "for purposes of sexual gratification."  (§ 290.006, subd. (a).)

Having determined substantial evidence supports the conclusion Elam committed the offense of sexual intercourse with a minor for sexual gratification, we need not and do not address whether there was also sufficient evidence he committed the offense as the result of a sexual compulsion.

### III.

*The Trial Court Did Not Fail to Make the Findings Required*
*by Section 290.006*

Elam contends the trial court violated section 290.006 when ordering discretionary sex offender registration because it purportedly failed to find that he committed the offense of sexual intercourse with a minor for purposes of sexual gratification or as a result of sexual compulsion.  We disagree, for several reasons.

First, Elam's argument rests on the assumption that the trial court could only comply with the statute by making the required findings explicitly. Not so.  Although section 290.006, subdivision (a), requires the findings of sexual gratification or sexual compulsion to be made, it does not specify that they must be stated on the record.  Rather, the statute requires only that the court "state on the record *the reasons for* its findings and the reasons for

11

requiring registration." (§ 290.006, subd. (a).) A factfinder makes a particular finding because it concludes the finding has sufficient evidentiary support. While a court may naturally, and ordinarily, state the findings themselves when articulating its reasons for those findings, the statute does not mandate that it do so.

Elam also cites dicta from *Hofsheier*, but it does not support a different result. In *Hofsheier*, our high court stated that when ordering discretionary sex offender registration, the trial court "must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings." (*Hofsheier*, *supra*, 37 Cal.4th at p. 1197.) This quote simply tracks the language of the statute, and specifies only that the trial court must state the reasons for its findings, without indicating that the findings themselves must be stated on the record.

In the absence of a legislative or judicial mandate that the findings required by section 290.006, subdivision (a), must be made expressly, we conclude the court complied with the statutory preconditions for discretionary registration because it made the required findings impliedly. *People v. Clair* (1992) 2 Cal.4th 629 (*Clair*) is the controlling authority on this point. In *Clair*, the California Supreme Court addressed a contention that the defendant's serious felony enhancement had to be set aside because the trial court failed to make a finding on the underlying prior conviction allegation. (*Id.* at p. 691, fn. 17.) The Supreme Court disagreed. The defendant stipulated that in deciding the issue, the trial court could consider the prosecution's evidence, including certified copies of the conviction. (*Ibid.*) The question of whether the prior conviction allegation was true was subsequently argued to the court. The trial court did not render an express finding, but at sentencing it imposed the relevant sentencing enhancement.

12

(*Ibid.*)  The Court held:  "At sentencing, the court impliedly--but sufficiently-- rendered a finding of true as to the allegation when it imposed an enhancement expressly for the underlying prior conviction.  Contrary to defendant's claim, there is no failure of proof.  Neither is there any reason to vacate the enhancement--and less reason still to disturb the penalty of death."  (*Ibid.*)

In *People v. Chambers* (2002) 104 Cal.App.4th 1047 (*Chambers*), the Second District, following *Clair*, reached a similar result.  In *Chambers*, the trial court imposed a prison term based on a firearm-use enhancement without expressly finding that the firearm use allegation was true.  (*Id.* at p. 1050.)  The Court of Appeal disagreed with the defendant's contention that the trial court's failure to make an express finding operated as a finding the special allegation was not true.  It observed that the trial court's "oral pronouncement of judgment 'speaks' to impliedly affirm the truth of the use of a firearm allegation."  (*Ibid.*)  Relying on *Clair*, it held that " '[a]t sentencing, the trial court impliedly--but sufficiently--rendered a finding of true as to the allegation when it imposed an enhancement *expressly* for the underlying prior conviction.' "  (*Chambers*, at p. 1051.)

Here, as in *Clair* and *Chambers*, the record of the sentencing hearing supports the conclusion the trial court made the requisite findings.  The court debated with defense counsel whether the facts in the probation report supported the conclusion Elam committed the offense for reasons of sexual gratification or sexual compulsion.  At more than one juncture during the hearing it disagreed with defense counsel and offered facts that refuted defense counsel's assertions.  It was plain from these exchanges the trial court was readily familiar with the facts of the offense, and that the court

13

viewed the facts as supporting the conclusion opposite to the one advocated by defense counsel.

The court went on to rule: "Based upon the Court's review of the facts of this case, as well as the contents of the probation report, the Court believes that . . . registration is appropriate and . . . is requiring Mr. Elam to register under Penal Code [section] 290." From this ruling, particularly given the lengthy exchange with defense counsel that preceded it, it was apparent the court had concluded, albeit impliedly, that Elam's offense conduct met the factual prerequisites for discretionary sex offender registration. In the words of *Clair*, though the court did not state its findings explicitly, it nevertheless "impliedly--but sufficiently" found Elam's offense conduct satisfied the factual prerequisites for discretionary sex offender registration. (*Clair, supra,* 2 Cal.4th at p. 691, fn. 17.) Accordingly, we reject Elam's contention that the trial court failed to make the findings required by section 290.006, subdivision (a).[5]

---

[5] In his reply brief on appeal, Elam asserts the trial court not only "failed to make the necessary findings as to sexual compulsion and sexual gratification" but *also* "failed to state the reasons for those findings." He does not develop the point further. He includes the same, perfunctory and undeveloped assertion in his supplemental brief. Elam's failure to present a developed argument on this point, under a separate heading, forfeits the issue. (*People v. Aguayo* (2019) 31 Cal.App.5th 758, 768 [failure to present a sufficiently developed argument supported with citations to legal authority results in forfeiture of issue on appeal]; Cal. Rules of Court, rule 8.883(a)(1)(A) [appellate briefs must state each point under a separate heading].) Even if not forfeited, the argument lacks merit. The trial court stated the reasons for its findings both in the course of responding to defense counsel's assertions that the offense conduct did not reveal a sexual compulsion or sexual gratification, and later, when it stated, "the facts of this case, as well as the contents of the probation report," made registration appropriate. Although the court appeared to refer back to this quoted statement later, when defense counsel asked it to give its reasons for

14

Additional reasons exist for rejecting Elam's assertion of error, including that he failed to raise this issue in the trial court. Had he done so, the trial court could have easily satisfied his concern by stating its findings on the record then and there. Elam's failure to raise the issue during the sentencing hearing forfeits the matter on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 353 [forfeiture doctrine applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices," including cases where the court "failed to state any reasons"].)

Also, Elam makes no effort to demonstrate prejudice from the asserted error. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.) We have already concluded the record contained sufficient facts supporting the conclusion Elam's offense conduct brought him within the purview of the statute. To remand the matter to require the trial court to set out its findings would place form over substance. (See Civ. Code, § 3528 ["The law respects form less than substance."].)

requiring registration, the court was not prohibited from relying on the same or similar reasons for its findings and for ordering registration. We disagree that the trial court failed to comply with section 290.006 by stating the reasons for its findings on the record.

## DISPOSITION

The judgment is affirmed.

DO, J.

WE CONCUR:


AARON, Acting P. J.


IRION, J.