Filed 12/23/25  In re Sims CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re DAMION PAUL SIMS<br><br>on Habeas Corpus. | E085136<br><br>(Super.Ct.Nos. SWF1601082,<br> CVRI2404979)<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for habeas corpus.  Timothy F. Freer, Judge.  Petition granted in part; denied in part.

Damion Paul Sims, in pro. per.; John L. Staley, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, and Juliet W. Park, Deputy Attorney General, for Real Party in Interest.

## I.  INTRODUCTION

In 2017, petitioner Damion Paul Sims pled guilty to one count of first degree burglary.  (Pen. Code, § 459.)[1]  At the time of entering his plea, petitioner also admitted the truth of a special allegation that there was a person other than an accomplice in the residence at the time of the burglary.  (§ 667.5, subd. (c)(21)).  However, when pronouncing judgment, the trial court did not reference this admission and imposed a sentence as if petitioner's offense constituted a nonviolent felony.  Consistent with the trial court's oral pronouncement of judgment, the abstract of judgment did not check the box indicating defendant's conviction was for a violent felony.

In 2023, the California Department of Corrections and Rehabilitation (CDCR) sent correspondence to the trial court requesting a review of the file "to determine if a correction is required."  Specifically, CDCR believed the abstract of judgment was ambiguous because the felony complaint had specifically alleged defendant's offense was committed under circumstances that would have rendered it a violent felony pursuant to section 667.5, subdivision (c)(21), but "[i]t is not clear from the Minute Order or the Abstract whether the . . . allegation was found true."  The trial court responded by amending the abstract of judgment to check the box indicating that the offense for which petitioner was convicted constituted a violent felony and by forwarding a copy of the amended abstract of judgment to the CDCR.  The amendment effectively increased the amount of time petitioner would be incarcerated by limiting his ability to earn custody

___

[1]  Undesignated statutory references are to the Penal Code.

2

and conduct credits.[2]

Petitioner filed this petition for habeas corpus, asserting various claims relating to the modification of his judgment, as well as a claim that the fines and fees imposed as part of his original judgment are unconstitutional. We conclude the trial court lacked jurisdiction to modify the abstract of judgment in the manner that it did after execution had commenced, requiring vacatur of the amended abstract of judgment and reinstatement of the original abstract. We also conclude that petitioner's challenge to the fines and fees is untimely, and he is not entitled to relief on this claim.

## II. BACKGROUND

In January 2017, petitioner was charged with one count of burglary (count 1; § 459). The information also alleged that (1) the burglary was committed under circumstances rendering it a violent felony (§ 667.5, subd. (c)(21)); (2) petitioner had served three prior prison terms (§ 667.5, subd. (b)); (3) petitioner had suffered three prior convictions for offenses qualifying as serious felonies (§ 667, subd. (a)); and (4) petitioner had suffered three prior convictions qualifying as strike offenses (§§ 667, subds. (c), (e)(2)(A); 1170.12, subd. (c)(2)).

In August 2017, petitioner reached a negotiated disposition of the charges. The written plea agreement specified that petitioner would plead guilty to the burglary, admit the special circumstance allegation pursuant to section 667.5, subd. (c)(21), admit one of the prior strike allegations, and admit the allegations that he had suffered three prior

---

[2] (See § 2933.1.)

3

serious felony convictions. The agreement specified a prison term of 27 years in state prison but did not indicate how the term was to be calculated. It also provided for a specific calculation of presentence custody credits pursuant to section 4019.[3]

The trial court held a hearing in which (1) petitioner pled guilty to the burglary charge; (2) petitioner admitted each of the special allegations agreed to in the written plea agreement; (3) the trial court found a factual basis existed for the plea; (4) the trial court made a general statement that it found defendant "guilty"; and (5) the trial court dismissed the balance of the information. The trial court did not specifically reference any of the special allegations of the information or the plea when making its finding that petitioner was "guilty." It then proceeded to sentence defendant, imposing an upper term sentence of six years in state prison for the burglary (count 1; § 459), doubled to 12 years for the strike prior (§§ 667, subds. (c), (e)(2)(A); 1170.12, subd. (c)(2)), and additional five-year terms for each of the three prior serious felonies (§ 667, subd. (a)). The trial court also awarded the full amount of presentence credit pursuant to section 4019, without the limitations imposed when a defendant is convicted of a violent felony.

In 2023, CDCR sent correspondence to the trial court requesting a review of the file "to determine if a correction is required." CDCR believed the abstract of judgment was ambiguous because the felony complaint had specifically alleged defendant's offense was committed under circumstances that would have rendered it a violent felony pursuant

---

[3] We note that this specification was in error. The credit for time served to be received on violent felonies is set in section 2933.1

4

to section 667.5, subdivision (c)(21), but "[i]t is not clear from the Minute Order or the Abstract whether the . . . allegation was found true." The trial court responded by amending the abstract of judgment to check the box indicating that the offense for which petitioner was convicted constituted a violent felony and by forwarding a copy of the amended abstract of judgment to CDCR.

Petitioner filed a petition for writ of habeas corpus in the trial court, which the trial court denied, and a petition for writ of habeas corpus in this court.

### III. DISCUSSION

Petitioner asserts various claims related to the modification of his abstract of judgment. While the precise nature of his arguments is not always clear,[4] it is unnecessary for us to reach the merits of many of these arguments. What is apparent is that most of petitioner's claims arise out of the trial court's decision to amend its abstract of judgment to reflect that the offense for which petitioner was convicted should be considered a violent felony. As we explain, the trial court lacked fundamental jurisdiction to make this amendment. Thus, petitioner is entitled to have the amended abstract of judgment set aside.

A. *Interpretation of Petitioner's Original Sentence and Judgment*

---

[4] From what we can distill, petitioner appears to assert at least the following arguments: (1) the manner in which the trial court amended the abstract of judgment violated petitioner's due process rights; (2) to the extent his sentence was ambiguous, the trial court erred by failing to resolve any ambiguity in petitioner's favor; (3) the amendment constitutes a violation of petitioner's original plea agreement; and (4) if the amendment is not in violation of his plea agreement, then petitioner's defense counsel was ineffective in advising petitioner of the consequences of his plea.

5

As an initial matter, we are required to consider the appropriate interpretation of petitioner's 2017 sentence.  CDCR's correspondence to the trial court purported to find an "ambiguity" in petitioner's sentence by comparing the abstract of judgment with the allegations of the felony complaint, observing that the complaint had alleged petitioner's offense constituted a violent felony within the meaning of section 667.5, subdivision (c), but the abstract of judgment did not indicate the allegation had been found true.  Based upon this prompting, the trial court amended the abstract of judgment to include this true finding.  The People argue that that  amendment of the abstract of judgment was merely a clerical clarification.  We disagree.

In our view, the appropriate interpretation of petitioner's 2017 sentence is governed by *In re Candelario* (1970) 3 Cal.3d 702 (*Candelario*).  In *Candelario*, the defendant admitted the truth of a special allegation that he suffered a prior conviction at the time he entered his plea, but the trial court omitted any reference to the allegation in its minute order and abstract of judgment, "although the printed form contain[ed] a box specifically for such entries."  (*Id.* at p. 706.)  In evaluating the effect of the omission, our high court explained:  "Admission of the prior offense . . . [did] not thereby relieve the court of its responsibility to pronounce judgment finding petitioner guilty of the substantive offense with a prior conviction, and to have such judgment entered in the official records of the court.  [¶]  . . .  [I]f the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court.  *In such circumstances the silence operates as a finding that the prior conviction was not true*.  [Citation.]  Even when . . . the defendant admits the prior

6

conviction . . . , the court is not compelled to make a finding on the charge." (*Id.* at pp. 706-707 [italics added].)

The California Supreme Court reaffirmed the reasoning of *Candelario* in *People v. Mesa* (1975) 14 Cal.3d 466, 471-472 [striking prior conviction enhancements from abstract of judgment, despite defendant's admission to the truth of the allegations where the trial judge "failed to make it clear that he intended to sentence defendant as a prior offender"].)  And California courts have repeatedly applied the reasoning of *Candelario* in a variety of contexts involving omissions at the time of sentencing.  (*People v. Hartsell* (1973) 34 Cal.App.3d 8, 14-15 [failure to mention prior conviction at the time judgment is pronounced must be interpreted as deliberate act of leniency]; *People v. Gutierrez* (1993) 14 Cal.App.4th 1425, 1440 ["When no words are used and the trier of fact fails to make a finding the effect is the same as a finding of 'not true.' "]; *People v. Burnett* (2004) 116 Cal.App.4th 257, 260-261 [On a silent record, the court of appeal will presume that the trial court's failure to impose a statutorily mandated fine was a result of making factual findings in support of a statutory exception to imposition of the fine.]; *People v. Farias* (2023) 92 Cal.App.5th 619, 635-636 [In the absence of any mention of necessary findings under the three strikes law at the time of sentencing or in the abstract of judgment, "we treat defendants as if the trial court concluded the strike allegations were not true."].)

As these authorities make clear, where a trial court fails to make a necessary finding on a special allegation and imposes a sentence as if the finding were not true,[5] we presume the omission was deliberate and the trial court's silence operates as a not true finding.

In this case, the record establishes that defendant admitted the truth of the special allegation that his burglary was committed under circumstances described in section 667.5, subdivision (c)(21). However, the trial court never made an express finding specific to this allegation. The omission is notable because the trial court expressly referenced each of the other enhancement allegations when stating the reasons for its sentencing choices. Further, the trial court proceeded to sentence petitioner as if the allegation had not been found true, awarding defendant presentence custody credits pursuant to section 4019 as if the underlying offense for which defendant had been convicted was not a violent felony.[6] Under such circumstances, the failure to check the box in the abstract of judgment form indicating that defendant's conviction constituted a

[5] The situations is distinguishable where the trial court fails to make an express finding but proceeds to expressly sentence a defendant as if a true finding had been made. In such a circumstance, the record is not silent on the matter, and the doctrine of implied findings may be relied upon to conclude the trial court actually intended to make the omitted finding. (*People v. Chambers* (2002) 104 Cal.App.4th 1047, 1050.)

[6] Section 4019 "specifies the rate at which prisoners in local custody may earn credit against their sentences for good conduct while in custody." (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) However, a defendant who is convicted of a violent felony as defined in section 667.5, subdivision (c), is not entitled to earn the full amount of credit provided in section 4019 because a different statute imposes an express credit limitation in that circumstance. (§ 2933.1, subd. (c).)

violent felony may have been erroneous, but under the previously referenced authorities, any such error would have been upon judicial error and not an error in the abstract of judgment. Instead, the abstract of judgment appears fully consistent with the trial court's oral pronouncement of judgment omitting a true finding on the special allegation and imposing a sentence consistent with a conviction for a nonviolent felony.

The People seek to avoid this interpretation of the judgment by arguing that the award of presentence credits was merely a specific item of negotiation between the prosecutor and defense counsel. However, as the People acknowledge, the award of presentence credits is strictly governed by statute, and the relevant statutory restrictions are mandatory and not subject to the trial court's discretion. Thus, a judgment that convicts defendant of a violent felony, but awards defendant presentence credits without the limitations set forth in section 2933.1, would constitute an unauthorized sentence. (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1184 ["A sentence that awards custody credits exceeding statutory limits is unauthorized . . . ."].) For this reason, we are unpersuaded by the People's argument.

Even accepting that the prosecutor and defense counsel intended to negotiate a disposition with a specific award of presentence custody credits, it is well settled that "a court may not accept an unauthorized plea." (*People v. Prudholme* (2023) 14 Cal.5th 961, 974; *In re Daniel M. Williams* (2000) 83 Cal.App.4th 936, 944-945 ["A plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced."].) And "[i]n the face of a silent record, a trial court 'is presumed to have regularly performed its official duty and acted in the lawful exercise of its

9

jurisdiction.' " (*People v. Financial Casualty & Surety*, *Inc.* (2019) 39 Cal.App.5th 1213, 1222.)  Thus, on a silent record, we will not interpret the trial court's actions as a deliberate attempt to impose a clearly unauthorized sentence.  Instead, we presume the trial court regularly performed its duties in a manner that lawfully exercised its power.

We conclude that the record in this case is susceptible to only one reasonable interpretation.  Under *Candelario*, the trial court's omission of any reference to the 667.5, subdivision (c)(21) allegation at the time it pronounced judgment operates as a finding that the special circumstance was found not true.  The actual sentence imposed is consistent with this interpretation as the trial court expressly awarded presentence custody credits to petitioner as if he was convicted of a nonviolent felony, and the original abstract of judgment is also consistent with this interpretation as the box indicating a violent felony conviction was not checked.  There is nothing in the record to suggest a contrary intent by the trial court when it sentenced defendant.

B.  *Trial Court Lacked Jurisdiction To Modify the Judgment*

Given our conclusion that the trial court's original judgment in 2017 should be interpreted as a conviction for a nonviolent felony, the trial court had no jurisdiction to amend the judgment to add a true finding.

As the California Supreme Court has repeatedly explained:  "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344; *People v. Howard* (1997) 16 Cal.4th 1081, 1089.)  And "a judgment for imprisonment ordinarily is deemed executed when a certified copy of the minute

10

order or abstract of judgment is 'furnished to the officer whose duty it is to execute the . . . judgment . . . .' " (*Howard*, p. 1089.) "[T]he common law rule has limited exceptions. For example, a trial court has statutory authority to recall a sentence and resentence a defendant within 120 days of the defendant's commitment, or at any time upon the recommendation of the CDCR secretary, the Board of Parole Hearings, the District Attorney, or specified other entities. [Citation.] In addition, the court has inherent power to correct a clerical error at any time." (*People v. Singleton* (2025) 113 Cal.App.5th 783, 790-791.) However, as we explain, none of these exceptions appear to apply in this case.

First, the statutory authority for a trial court to recall a sentence and resentence defendant within 120 days of commitment had clearly passed. (§ 1172.1, subd. (a).) Defendant was originally sentenced in 2017, and the modification of the abstract of judgment at issue in this proceeding did not occur until 2023.

Second, the statutory authority for resentencing upon the recommendation of the CDCR secretary clearly does not apply. The plain words of the statute provide authority to resentence a criminal defendant upon CDCR's recommendation only if the modified sentence is to be "no greater than the initial sentence." (§ 1172.1, subd. (a)(1); *Singleton*, *supra*, 113 Cal.App.5th at p. 792.) Even assuming CDCR's correspondence to the trial court can be considered a recommendation within the meaning of the statute,[7] the

_____

[7] The CDCR never expressed any recommendation regarding sentencing in its correspondence to the trial court, instead requesting only that the trial court "please review your file to determine if a correction is required." At least one court has cast

11

correspondence expressly notified the trial court that redesignating defendant's conviction as a violent felony would result in an increase in defendant's length of incarceration.[8] Thus, there was no statutory authority providing the trial court with jurisdiction to modify the abstract of judgment upon CDCR's recommendation.

Third, while a trial court has inherent authority to correct clerical errors in its records at any time (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63), the amendment at issue in this case could not be effectuated under this authority. "Clerical error occurs when the record fails to reflect what the court actually ordered [citation], while judicial error occurs when the record reflects what the judge actually ordered, but fails to reflect what the judge 'ought to have' ordered." (*People v. Clark* (2021) 67 Cal.App.5th 248, 256.) As we have already explained, there is no discrepancy between the abstract of judgment and the oral pronouncement of judgment in this case. So, any ambiguity was not the result of failing to reflect what the court actually ordered.

More importantly, "[a]n amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, . . . unless the record clearly demonstrates that the

---

doubt on whether this language is sufficient to constitute a recommendation within the meaning of section 1172.1. (See *Singleton*, *supra*, 113 Cal.App.5th at pp. 791-792 [noting that identical language was not sufficient to constitute a recommendation].)

[8] Specifically, CDCR informed the trial court that: the offense for which defendant was convicted was presently recorded with CDCR as a nonviolent felony based upon the existing abstract of judgment; modification in the manner identified by CDCR would restrict defendant's ability to earn credits toward his release; and that absent modification the offense would remain recorded with CDCR as a non-violent felony.

error was not the result of the exercise of judicial discretion." (*Candelario*, *supra*, 3 Cal.3d at p. 705; *People v. King* (2022) 77 Cal.App.5th 629.) As we have already explained, under governing precedent, the trial court's silence regarding the section 667.5 allegation at the time it pronounced judgment operated as a finding the allegation was not true. Thus, the 2023 amendment substantially modified the judgment by adding a true finding on a special allegation. The amendment also materially altered petitioner's rights, as it is undisputed the redesignation of the offense for which petitioner was convicted as a violent felony significantly increased his potential length of incarceration by limiting the credits he could earn towards release. Thus, the trial court could not modify the abstract of judgment in the manner that it did in this case under its authority to correct clerical error.

Finally, we briefly note that some courts have concluded that a trial court has jurisdiction to modify an unauthorized sentence at any time. (*People v. Codinha* (2023) 92 Cal.App.5th 976, 1120 [holding a trial court that imposes an unauthorized sentence retains jurisdiction to correct the sentence at any time the error comes to its attention].) The majority of recent published decisions that have considered this question have disagreed, including a recent decision by this court. (See *Boyd*, *supra*, 103 Cal.App.5th at pp. 67-68 [No cases "hold that trial courts can act to correct unauthorized (or unlawful or invalid) sentences outside of… some other posture where they independently have jurisdiction to do so."]; *People v. King*, *supra*, 77 Cal.App.5th at pp. 634-642 ["[T]he unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence."]; *People v.*

13

*Hernandez* (2024) 103 Cal.App.5th 1111, 1123 [agreeing with *Boyd* and *King*]; *People v. Singleton*, *supra*, 113 Cal.App.5th at p. 797 [same].) Nevertheless, resolution of this question is unnecessary in this case.

Even if the trial court always has jurisdiction to modify an unauthorized sentence, the sentence imposed in 2017 was not unauthorized. As we have already explained, the failure to make any finding on the special allegations pursuant to section 667.5 operates as a " 'not true' " finding on the allegation. (*People v. Farias*, *supra*, 92 Cal.App.5th at pp. 635-636.) And the sentence orally pronounced and reflected in the original abstract of judgment is consistent with a not true finding on the allegation.[9] Thus, there was nothing unauthorized about the sentence such that the trial court would have jurisdiction to amend the judgment even if the minority rule expressed in *Codinha* were applicable.

Because the trial court lacked fundamental jurisdiction to amend the judgment in this case, its purported amendment in 2023 was void, and we will grant the petition on this claim and direct the court to vacate the modified sentence and reinstate the original

---

[9] We also note that the instant circumstance is distinguishable from cases in which a true finding is actually made, but the trial court fails to sentence the defendant or expressly exercise its discretion to strike the allegation. (See *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432-438.) Where a true finding is actually made, the failure to either strike the enhancement allegation or impose the enhancement results in an unauthorized sentence. (*Id.* at p. 432.) However, even this line of authority is ultimately inapplicable in this case, as the record shows that the trial court expressly stated it was dismissing "the remaining counts" and "the balance of the information," without objection by the prosecution. Thus, the trial court dismissed any allegations not addressed in its oral pronouncement of judgment, which it had the power to do with respect to the section 667.5 allegation. (§ 1385.)

sentence.  (*Boyd*, *supra*, 103 Cal.App.5th at p. 71; *Singleton*, *supra*, 113 Cal.App.5th at p. 800.)

C. *Petitioner's Remaining Claims*

Because we have concluded the trial court's order amending petitioner's abstract of judgment must be vacated, we need not consider petitioner's claims that:  the procedures utilized by the trial court in modifying the sentence violated his right to due process; the modification constituted a breach of his plea agreement; or that his defense counsel was ineffective for failing to properly advise him regarding the manner in which his postsentence credits might be calculated.  The claims are moot in light of our decision to order vacatur of the trial court's amended abstract of judgment.

With respect to petitioner's remaining claim challenging the imposition of any fines and fees as unconstitutional, we conclude petitioner is not entitled to relief.  The fines and fees set forth in the amended abstract of judgment entered in 2023 are identical to those set forth in petitioner's original abstract of judgment.  " '[H]abeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.' "  (*People v. Kim* (2009) 45 Cal.4th 1078, 1099.)  Because petitioner could have challenged the imposition of these fines and fees in a direct appeal, his attempt to challenge them in this petition is untimely.

Finally, petitioner filed two motions:  one seeking substitution of his current counsel in this habeas proceeding for alleged ineffective assistance and a second seeking

15

to discharge his appointed counsel and proceed in properia persona. We denied the motion to discharge counsel and proceed in proper persona by separate order, as the California Supreme Court has explicitly held that there is no federal or state constitutional right to self-representation in habeas corpus proceedings and "no right to withdraw an election of professional legal representation once made." (*In re Barnett* (2003) 31 Cal.4th 466, 475-476.) With respect to petitioner's motion to have substitute counsel appointed on the ground that his appointed counsel in this habeas proceeding has been ineffective, the California Supreme Court has also held "there is no constitutional right to the effective assistance of counsel in state habeas corpus proceedings." (*People v. Boyer* (2006) 38 Cal.4th 412, 489.)[10] Nevertheless, we observe that since the filing of petitioner's motion, this court has already granted a separate request by petitioner's counsel to be relieved, and new counsel has already been appointed to represent petitioner in this proceeding. Thus, we deny petitioner's motion as moot.

---

[10] Instead, a petitioner may assert the ineffective or incompetent performance of appointed habeas counsel as grounds for permitting the filing of subsequent habeas petition asserting a previously raised claim. (*In re Sanders* (1999) 21 Cal.4th 697, 719-720.)

## IV. DISPOSITION

Petitioner's motion to discharge his appointed counsel in this proceeding is denied. The petition is granted in part. We direct the trial court to amend petitioner's abstract of judgment to reinstate the original abstract of judgment entered August 21, 2017. The superior court is ordered to forward a copy of the newly amended abstract of judgment to the CDCR. In all other respects, the petition is denied.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                            J.

We concur:


McKINSTER
            Acting P. J.


CODRINGTON
            J.

17